■ JOHN M. BUSINO, Individually and as Shareholder of MEACHEM STEEL CORPORATION, Appellant, v DONALD L. MEACHEM et al., Defendants, and RICHARD M. ANTOKOL et al., Respondents. [704 NYS2d 690] —Mugglin, J. Appeal from an order of the Supreme Court (Kramer, J.), entered September 28, 1998 in Schenectady County, which granted certain defendants' motion for summary judgment dismissing the complaint against them.

Finding no triable issues of fact, Supreme Court granted summary judgment to defendant Richard M. Antokol and his law firm, defendant Antokol and Coffin (hereinafter collectively referred to as defendants), dismissing the first, second, third and sixth causes of action alleged in plaintiff's complaint. Plaintiff appeals alleging that defendants failed to establish a prima facie entitlement to judgment and that triable issues of fact exist.

In 1986, plaintiff, a certified public accountant, commenced employment with defendant Meachem Steel Corporation.* In 1988, the principal shareholder of Meachem Steel, defendant Donald L. Meachem (hereinafter Meachem), and plaintiff executed a shareholders' agreement pursuant to which plaintiff was to purchase 25 shares of Meachem's stock. For reasons not reflected in the record, the sale was not "consummated" and Meachem subsequently presented this agreement to Antokol as a basis for drafting a new shareholders' agreement. Antokol

---

* At the time plaintiff was hired, the entity was known as D.L. Meachem Company.

drafted the agreement, and on June 30, 1989 plaintiff and Meachem signed it. Pursuant to its terms, plaintiff purchased 25 shares of Meachem Steel from Meachem for the sum of $175,000. The agreement also gave plaintiff an option to purchase an additional 13 shares from Meachem and 10 additional shares from Meachem's wife.

In subsequent years, the business suffered economic reversals to the extent that Meachem and plaintiff contemplated filing a petition in bankruptcy. Simultaneously with these events, Meachem was sued for divorce and Antokol represented him in that action. A portion of Antokol's fee regarding this matter was submitted to Meachem Steel for payment.

As an alternative to bankruptcy, negotiations resulted in the sale of Meachem's remaining stock to a third-party investor on February 3, 1993. Perceiving a conflict of interest due to the matrimonial representation, Antokol did not represent Meachem in this transaction. The consideration for Meachem's stock was apparently $40,000 and a personal services and consultation contract pursuant to which additional money was paid him. On February 4, 1993, in exchange for Meachem forgiving a promissory note, plaintiff waived his right of first refusal under the June 30, 1989 shareholders' agreement, thereby allowing Meachem to sell his stock. In September, 1995, plaintiff commenced this action and insofar as is relevant to this appeal, sued defendants for fraud and negligent misrepresentation (first cause of action), breach of fiduciary duty (second cause of action), negligence (sixth cause of action), and a shareholder derivative action for an accounting (third cause of action). We affirm the dismissal of all causes of action against defendants.

It is axiomatic that a party seeking summary judgment must present competent admissible evidence showing that the causes of action alleged lack merit (*see, GTF Mktg. v Colonial Aluminum Sales*, 66 NY2d 965, 967; *Wilder v Rensselaer Polytechnical Inst.*, 175 AD2d 534). Once the moving party makes a prima facie showing of entitlement to judgment as a matter of law, the opponent of a motion for summary judgment is required to present evidentiary proof in admissible form sufficient to establish an unresolved material issue of fact which can be determined only in a plenary trial (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324; *Zuckerman v City of New York*, 49 NY2d 557, 562). Plaintiff's present contention that defendants failed to establish a prima facie entitlement to judgment is unavailing. We believe that the evidentiary proof submitted by defendants sufficiently meets their obligation and shifts the

burden to plaintiff to come forward with evidentiary proof establishing the existence of a genuine triable issue of fact. Plaintiff has failed to satisfy this burden.

Plaintiff's first and second causes of action are premised on theories of legal malpractice grounded in fraud, misrepresentation and breach of fiduciary duty. Plaintiff asserted that billing Meachem Steel for Meachem's divorce fees caused the corporation to suffer financially. To succeed in this fraud action, plaintiff must establish (1) misrepresentation of a material fact, (2) scienter, (3) justifiable reliance, and (4) injury or damages (*see, McGovern v Best Bldg. & Remodeling*, 245 AD2d 925, 926; *Rosario-Suarz v Wormuth Bros. Foundry*, 233 AD2d 575, 578). Here, the evidence established that plaintiff knew that Meachem had a private loan account with Meachem Steel, that the bills were charged to this account, that Meachem was obligated to repay the corporation and that the bills were never paid. Consequently, the fraud action was properly dismissed.

Next, the question of whether defendants breached a fiduciary duty depends upon there being an attorney-client relationship between them and plaintiff. While an attorney owes a fiduciary duty to a client (*see, Graubard Mollen Dannett & Horowitz v Moskovitz*, 86 NY2d 112, 118), "an explicit undertaking to perform a specific task is required to establish an attorney-client relationship" (*Sucese v Kirsh*, 199 AD2d 718, 719; *see, Saveca v Reilly*, 111 AD2d 493, 494-495). Here, in reviewing the record as a whole, it is clear that defendants represented Meachem personally and not plaintiff, and therefore, owed no fiduciary duty to plaintiff (*see, Matter of Town & Country Constr. Co. [Sears—Boucher]*, 160 AD2d 1085).

Moreover, plaintiff has failed to establish by the submission of any competent admissible evidence that Antokol had knowledge of the additional consideration paid to Meachem pursuant to the personal services/consultation contract and, even if he did, that there was any duty to reveal it to plaintiff. To recover on this negligent misrepresentation claim, plaintiff would have to show "either actual privity of contract between the parties or a relationship so close as to approach that of privity" (*Prudential Ins. Co. v Dewey, Ballantine, Bushby, Palmer & Wood*, 80 NY2d 377, 382; *see, McNar Indus. v Feibes & Schmitt, Architects*, 245 AD2d 993, 994, *lv denied* 91 NY2d 812). A "special relationship" requires a closer degree of trust than an ordinary business relationship (*see, United Safety v Consolidated Edison Co.*, 213 AD2d 283, 285-286). In support of his contention that defendants misrepresented the details of this

stock sale, plaintiff has offered only his conclusory allegations that defendants knew of the side deal and yet failed to inform him. These allegations are insufficient to defeat defendants' motion for summary judgment (*see, Hausler v Spectra Realty*, 188 AD2d 722, 724).

Plaintiff's third cause of action asserted that defendants breached a fiduciary duty by assisting Meachem in wasting Meachem Steel's assets by way of submitting improper billings in the matrimonial action to the corporation. In addition to the reasons previously expressed, this cause of action was correctly dismissed for the reason that while "officers and directors of a corporation stand in a fiduciary relationship to the corporation and owe their undivided and unqualified loyalty to the corporation" (*Howard v Carr*, 222 AD2d 843, 845; *see, Blank v Blank*, 256 AD2d 688, 694-695), Antokol was not a director, officer or employee of this corporation.

Lastly, plaintiff's sixth cause of action alleged that defendants were negligent because they failed to place restrictive endorsements on Meachem's stock certificates, thereby failing to alert the third-party purchaser that plaintiff had the right of first refusal and preventing plaintiff from selling his stock to the same purchaser. To recover damages for legal malpractice, a plaintiff must demonstrate that the attorney was negligent, that the negligence was a proximate cause of the loss sustained and that plaintiff suffered actual and ascertainable damages (*see, Walter D. Peek, Inc. v Agee*, 235 AD2d 790, 790-791, *lv denied* 89 NY2d 815; *Zeitlin v Greenberg, Margolis, Ziegler, Schwartz, Dratch, Fishman, Franzblau & Falkin*, 209 AD2d 510). Plaintiff's claim is belied by his acknowledgment that he discussed the proposed sale with the third-party purchaser well before the sale was consummated, thereby giving him an opportunity to bring this knowledge to the attention of the prospective purchaser. Additionally, plaintiff's execution of the waiver agreement with respect to his right of first refusal refutes the claim that he suffered damage as a result of this omission by defendants. Moreover, Supreme Court correctly rejected the affidavit of plaintiff's expert because it was conclusory and based upon assumptions, rather than evidentiary facts (*see, Richardson-Dorn v Golub Corp.*, 252 AD2d 790, 791; *Zalondek v Laudato*, 246 AD2d 742).

Cardona, P. J., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.