■ Casimer E. Tyborowski, Appellant, v Cuddeback & Onofry et al., Respondents. (And a Third-Party Action.) [718 NYS2d 489] —Rose, J. Appeal from an order of the Supreme Court (Kane, J.), entered March 27, 2000 in Sullivan County, which granted defendants' motions to dismiss the complaint for failure to state a cause of action.

Mary Tyborowski (hereinafter Tyborowski) and Hattie Tyborowski (hereinafter decedent) were sisters who resided in New Jersey and held their property jointly until decedent died in March 1988, leaving Tyborowski as her sole distributee. From that time until her death in January 1995, Tyborowski never probated her sister's estate and never filed an inheritance tax return with the New Jersey Department of Treasury (hereinafter the Department). In September 1996, plaintiff, the sisters' nephew, personally retained defendant Cuddeback & Onofry (hereinafter the law firm) to prepare and file an inheritance tax return for decedent's estate limited to obtaining the proceeds of a certificate of deposit (hereinafter CD) that the sisters had held jointly by paying only the tax attributable to the CD. In November 1996, the Department rejected the tax return submitted by defendants and required, *inter alia*, submission of a tax return covering all of decedent's property. Plaintiff discharged the law firm in April 1997.

In June 1997, the Department communicated to the law firm and plaintiff its intent to make an "arbitrary" assessment of the inheritance tax owed unless the previously requested return was received within 60 days. In September 1997, plaintiff filed a return prepared by his accountant that calculated the total tax and interest on decedent's estate at $31,983.17. Shortly thereafter, the Department notified

plaintiff that its own assessment of the total tax and interest then due was $62,408.67. Plaintiff did not appeal this decision within the prescribed period and the Department denied his subsequent request to have the assessment reconsidered.

Plaintiff commenced this action sounding in legal malpractice, breach of contract and breach of fiduciary duty against defendants, who then moved for dismissal pursuant to CPLR 3211 (a) (7). Supreme Court granted their motions. Because the essential element of damages is absent, we affirm.

A prima facie legal malpractice claim requires proof of, *inter alia*, injury to the plaintiff (*see, Busino v Meachem*, 270 AD2d 606, 608; *Thaler & Thaler v Gupta*, 208 AD2d 1130, 1132), as does a breach of contract claim (*see, Cramer v Spada*, 203 AD2d 739, 741, *lv denied* 84 NY2d 809, *cert denied* 514 US 1055). Where the injury alleged is the loss of a cause of action or claim, "the measure of damages is generally the value of the claim lost" (*Campagnola v Mulholland, Minion & Roe*, 76 NY2d 38, 42). In all situations, damages are designed to make the injured client whole (*see, id.*, at 42).

Here, a fair reading of the complaint, as amplified by the affidavit of plaintiff's counsel, is that it alleges the effective loss of a claim to the proceeds of a CD, and seeks damages consisting of those proceeds and return of the legal fees paid to defendants.* There is no dispute that plaintiff is the administrator of Tyborowski's estate and that no one is the administrator of decedent's estate. Defendants also do not dispute that they filed the initial tax return at plaintiff's behest because the financial institution in control of the CD refused to release its proceeds until proof of payment of required taxes was received. However, it is significant that plaintiff asserts a personal claim and, in his individual capacity as a beneficiary of Tyborowski's estate, has no cause of action based on damages accruing solely to either Tyborowski's or decedent's estate (*see, McQuaide v Perot*, 223 NY 75, 79; *Jackson v Kessner*, 206 AD2d 123, 126-127, *lv dismissed* 85 NY2d 967). Accordingly, it cannot be said that he lost a cause of action due to defendants' acts and omissions. Nor would plaintiff be entitled to recover the legal fees paid for defendants' services, as there is no dispute that defendants did prepare and file the initial tax return as he requested.

---

* Although the complaint does not mention the CD, the affidavit of plaintiff's counsel alleged that two CDS, each worth approximately $30,000, could not be redeemed as a result of the outstanding tax liability. On appeal, plaintiff inexplicably reiterates this claim without addressing either defendants' assertion or Supreme Court's finding that one of the CDS was successfully redeemed in 1996.

Also, plaintiff's claim to the proceeds of the CD is contingent upon their availability after settlement of Tyborowski's estate, and any claim to the proceeds by such estate is subject to the inheritance tax assessed by the Department. Since the tax return prepared by plaintiff's accountant in September 1997 claimed a value of $21,214.48 for the CD and calculated the total tax and interest to be $31,983.17, it is clear that the tax that would have to be paid exceeds the value of the proceeds that would be obtained. As there is no allegation that the total tax and interest owed at the time of defendants' preparation and filing of the initial tax return would have been less than the value of the CD at that time, plaintiff has not alleged any damages incurred by Tyborowski's estate that are attributable to defendants. Thus, it is rank speculation that Tyborowski's estate, and ultimately plaintiff, would have received any net proceeds of the CD even if an accurate and complete tax return had been filed by defendants in 1996 (*see, Metz v Coopers & Lybrand,* 210 AD2d 624, 626).

As plaintiff's breach of contract and breach of fiduciary duty claims arise from the same conduct and allege no distinct damages, they also cannot be maintained (*see, Mecca v Shang,* 258 AD2d 569, 570, *lv dismissed* 95 NY2d 791). It is not necessary to consider plaintiff's other arguments as the absence of damages alone supports Supreme Court's grant of defendants' motions.

Cardona, P. J., Mercure, Crew III and Peters, JJ., concur. Ordered that the order is affirmed, with one bill of costs.