■ RONALD G. PAGIERE, as Executor of MARCEL J. PAGIERE, Deceased, Appellant, v MURPHY, NILES & GRECO et al., Respondents. [718 NYS2d 897] —Cardona, P. J. Appeal from an order of the County Court of Fulton County (Giardino, J.), entered September 30, 1999, which affirmed an order of the City Court of the City of Johnstown in favor of defendants.

In June 1990, Marcel J. Pagiere (hereinafter decedent)* retained defendant Carmel J. Greco to represent him in connection with the sale to Joseph Prill and Deanna Prill of a parcel of real property located in the Town of Ephratah, Fulton County (hereinafter parcel 1). In preparing the deed, Greco mistakenly included the description of an additional parcel (hereinafter parcel 2) owned by decedent which was not part of the sale. The error was not discovered until after the transaction had closed and the deed had been recorded.

---

* Decedent died during the pendency of this action and his personal representative has been substituted in his place.

Thereafter, the Prills apparently refused to voluntarily reconvey parcel 2 to decedent. As a result, Greco prepared to commence an action to compel them to do so but, upon realizing a potential conflict of interest, arranged to have Arthur Spring represent decedent in the matter. In settlement of the action, the Prills agreed to accept the sum of $5,000, reconvey parcel 2 to decedent and convey a right-of-way over parcel 1 to parcel 2, which was landlocked.

Thereafter, decedent commenced this action in the City Court of the City of Johnstown against Greco and his law firm to recover damages for professional malpractice and breach of contract. Following a nonjury trial, City Court ruled that defendants had breached their professional services contract with decedent; however, the court further held that decedent had failed to prove damages resulting therefrom. County Court affirmed the judgment of City Court resulting in this appeal by plaintiff.

Upon our review of the record, we concur with City Court's finding that the trial evidence failed to establish that decedent had paid $5,000 to the Prills or had incurred any other expenses in obtaining the reconveyance of parcel 2. While Spring testified that "some man" had dropped off a cashier's check for $5,000 at his office, no proof was submitted that decedent was that man or that the money had come from decedent. Notably, Spring's testimony tended to establish that decedent's daughter, Simione Kunath, had provided the funds and that parcel 2 was ultimately conveyed to her. Spring further stated that decedent did not pay any counsel fees for his services and no other lawyer was involved in the action against the Prills. Lastly, decedent did not offer any evidence concerning the value of either parcel 2 or of the right-of-way conveyed by the Prills. Even if decedent could establish that he paid the $5,000, his damages would not properly include the amount representing consideration for the conveyance of the right-of-way. Absent proof of the value of the respective properties, any assessment of damages would have been entirely speculative.

We have considered plaintiff's remaining contentions and find them unavailing.

Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.