■ RUSSELL C. SCUDDER, Appellant, v JACK HALL PLUMBING & HEATING, INC., Respondent. [756 NYS2d 330] —Crew III, J. Appeal from an order of the Supreme Court (Aulisi, J.), entered January 2, 2002 in Warren County, upon a decision of the court in favor of defendant.

Defendant is a family-owned plumbing and heating business with three shareholders: John Hall, Sr. (hereinafter Hall), who served as defendant's president, and his two sons, John Hall, Jr., and Tyrone Hall. In 1995, the Halls determined that they needed a manager to run the business and approached plaintiff regarding assuming the managerial responsibilities of the corporation. Hall and plaintiff thereafter entered into negotiations and, in January 1996, plaintiff orally agreed to serve as defendant's chief operating officer. No written employment agreement existed at this point in time, as the parties apparently were unable to agree upon whether plaintiff would be granted an ownership interest in the business.

Ultimately, the Halls decided that they did not wish to sell plaintiff a controlling interest in the business and plaintiff, in an apparent attempt to gain some measure of job security, drafted an employment agreement and presented it to the Halls at a board of directors' meeting in March 1997. Following additional discussion, plaintiff and the Halls executed the agreement, pursuant to the terms of which plaintiff would serve as defendant's chief operating officer, secretary, treasurer and director for a three-year period. Plaintiff was to receive an annual salary of $85,000, various fringe benefits and an annual performance bonus of 25% of defendant's pretax income.

Difficulties thereafter developed between plaintiff and the Halls, particularly with regard to plaintiff's managerial style, and, on March 19, 1998, the Halls convened a combined special meeting of the shareholders and directors where, in plaintiff's absence, they unanimously voted to terminate plaintiff's employment contract based upon plaintiff's "poor people skills, inability to manage people and breach of confidentiality of corporate business matters." The following day, plaintiff attended a meeting with the Halls, at which he was advised of their decision to terminate his employment and was provided with a letter setting forth the basis for such termination. Plaintiff was offered a severance package conditioned upon his signing of a general release, which he declined to execute.

Plaintiff subsequently commenced this action against defendant alleging breach of contract and violation of Labor Law § 190. Following a bench trial, Supreme Court concluded that the underlying employment agreement permitted defendant to discharge plaintiff without cause and, further, that if such agreement indeed required cause as a basis for termination of plaintiff's employment, the record provided ample evidence thereof. Supreme Court also dismissed plaintiff's Labor Law claim. As to damages, plaintiff was awarded three months' salary plus statutory interest. This appeal by plaintiff ensued.

As a starting point, we reject defendant's contention and Supreme Court's finding that the employment agreement at issue permitted defendant to terminate plaintiff's employment without cause. Paragraph nine of the employment contract provides, in relevant part, as follows: *"Termination by the Company for Cause.* The Company reserves the right to terminate this Agreement at any time for cause, by presenting written charge(s) to the President setting forth the basis for the action. [Plaintiff] shall have the opportunity to respond to any such charges in writing. In that event, upon receipt of the response and upon request by [plaintiff], the President will

review the response and with the consent of the Board of Directors shall carry out the termination according to the guidelines set forth in the By-Laws." In our view, the foregoing language plainly and unequivocally reflects that plaintiff's employment contract could only be terminated for cause.[1] Although paragraph nine of the contract indeed references defendant's bylaws, it is apparent that such reference governs the procedure by which the termination actually is accomplished, i.e., by vote of the board of directors, and in no way diminishes defendant's obligation to demonstrate cause for the termination of plaintiff's employment.[2] Where, as here, the "parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms" (*W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162; *see R/S Assoc. v New York Job Dev. Auth.*, 98 NY2d 29, 32). As the terms of plaintiff's employment contract clearly contemplated termination for cause, Supreme Court erred in holding to the contrary. In so concluding, we necessarily reject any suggestion that the contract terms in this regard were ambiguous and/or that the parties were on unequal footing with respect to the execution thereof.

Although the parties next debate whether sufficient cause existed for terminating plaintiff's employment contract, that issue need not detain us for it is apparent that defendant breached the contract by failing to follow the for-cause termination process outlined therein. The starting point for termination for cause under paragraph nine of the employment agreement is the submission of written charges to Hall, as defendant's president, setting forth the basis for the proposed termination, at which point plaintiff is to be afforded the opportunity to respond to such charges in writing. Upon receipt of plaintiff's response and at plaintiff's request, Hall then was required to review the response and, with the consent of the remaining board members, carry out the termination in accor-

**1.** "Cause" under the agreement is defined as "incompetence, insubordination, material violation of the Personnel Policies (as set forth in the Employee Handbook), or for any substantial or material breach or neglect by [plaintiff] of any duty under this Agreement."

**2.** Although the crux of the parties' respective "cause" arguments centers upon the interpretation to be afforded paragraph nine of the employment contract, we note in passing that paragraph eight of the contract, which governs plaintiff's performance evaluations, also demonstrates that defendant could only terminate the agreement and, hence, plaintiff's employment for cause. Paragraph eight of the agreement provides, in relevant part, that "[t]he results [of plaintiff's performance evaluations] shall also be considered in deciding whether or not cause exists to terminate the employment relationship."

dance with the relevant provisions of the bylaws. That procedure was not followed here. Rather, defendant's board of directors met and voted to terminate plaintiff's employment contract on March 19, 1998 and advised plaintiff of their decision in this regard and provided him with a termination letter on March 20, 1998. Although plaintiff ultimately was afforded an opportunity to respond to the charges made against him, the record reflects that such opportunity did not occur until April 8, 1998, more than two weeks after plaintiff was in fact fired and ordered to vacate his work area, relinquish his keys to defendant's facility and turn in his corporate vehicle. Defendant's demonstrated failure to follow the process outlined in paragraph nine of the employment contract not only lends significant credence to plaintiff's characterization of his termination as a fait accompli but, most importantly, renders plaintiff's discharge ineffective (*see Hanson v Capital Dist. Sports*, 218 AD2d 909, 911). That being the case, it is immaterial that plaintiff failed to respond to the written charges once he received them and was afforded an opportunity to do so.

In light of the foregoing, and in view of our conclusion that defendant breached its employment agreement with plaintiff, we remit this matter to Supreme Court for a determination of plaintiff's damages based upon the proof previously adduced (*see Prashant Enters. v State of New York*, 206 AD2d 729, 731-732). The parties' remaining contentions, including plaintiff's assertion that Supreme Court erred in dismissing his Labor Law cause of action, have been examined and found to be lacking in merit.

Mercure, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as dismissed plaintiff's breach of contract cause of action; judgment awarded to plaintiff on said cause of action and matter remitted to the Supreme Court for a determination of damages on said cause of action; and, as so modified, affirmed.