■ ROBERT C. EHLINGER, Appellant, v RUBERTI, GIRVIN & FERLAZZO, P.C., et al., Respondents. [758 NYS2d 195] —Rose, J. Appeal from an order of the Supreme Court (Teresi, J.), entered September 11, 2001 in Albany County, which granted defendants' motion for summary judgment dismissing the complaint.

In October 1994, plaintiff retained defendants to represent him in a divorce action against his wife. One of the disputed issues in the action was ownership of certain real property titled solely in the name of plaintiff's wife and known as the Ridgefield Drive property. Plaintiff claimed an equitable interest in this property based upon his having paid off its mortgage in reliance on his wife's promise to name him a co-owner on the deed. Well after commencement of the divorce action, and unknown to plaintiff, his wife remortgaged the Ridgefield Drive property. In September 1997, Supreme Court (Maney, J.), granted plaintiff a divorce and distributed the parties' property (*Ehlinger v Ehlinger*, 174 Misc 2d 344 [1997]). Based on its finding that plaintiff was entitled to a constructive trust upon the Ridgefield Drive property, the court ordered his wife to either repay him $161,595.06, the net amount he invested in the property, or convey her interest in the property to him. However, his wife's actions in mortgaging the property before the divorce, filing for bankruptcy immediately afterward and precipitating a foreclosure precluded plaintiff from recovering the distributive award.

In September 1999, plaintiff commenced this legal malpractice action alleging that the failure of his counsel, defendant Elaine M. Pers, to seek pendente lite relief in the divorce action or file a notice of pendency as to the Ridgefield Drive property constituted negligence and caused him to lose the 1997 distributive award. Defendants then moved for summary judgment dismissing the complaint based on the affidavits of their counsel and Pers describing her representation of plaintiff as competent and opining that neither pendente lite relief nor a notice of pendency based upon a claim of a constructive trust would have been a legally viable remedy before the divorce judgment was issued. Finding that the lack of a demonstrable threat to encumber the property would have precluded a pendente lite restraint against plaintiff's wife and that it was "unlikely" that plaintiff would have been entitled to the imposition of a constructive trust, Supreme Court granted defendants' motion and dismissed the complaint, prompting this appeal by plaintiff.

"To recover damages for legal malpractice, a plaintiff must demonstrate that the attorney was negligent, that the negligence was a proximate cause of the loss sustained and that plaintiff suffered actual and ascertainable damages" (*Busino v Meachem*, 270 AD2d 606, 609 [2000] [citations omitted]; *see Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner*, 96 NY2d 300, 303-304 [2001]). For defendants to succeed on their motion for summary judgment here, they were required to present evidence in admissible form establishing that plaintiff is unable to prove at least one of these elements (*see Suydam v O'Neill*, 276 AD2d 549 [2000]; *Shopsin v Siben & Siben*, 268 AD2d 578 [2000]).

Upon our review of the record, we agree that defendants' submissions were sufficient to show that Pers's decision not to pursue pendente lite relief did not depart from the applicable standard of care (*see Beltrone v General Schuyler & Co.*, 223 AD2d 938, 939 [1996]). In this regard, Pers's affidavit is not conclusory (*cf. Estate of Nevelson v Carro, Spanbock, Kaster & Cuiffo*, 259 AD2d 282, 284 [1999]), but rather sets forth a reasonable legal strategy and accurately opines that a pendente lite restraint could not have been obtained in the absence of a threat by plaintiff's wife to dissipate or encumber the property (*see Strong v Strong*, 142 AD2d 810, 812 [1988]; *cf. Maillard v Maillard*, 211 AD2d 963, 964 [1995]). Plaintiff's responding papers fail to raise a question of fact as to pendente lite relief because he submits no expert affidavit describing the applicable standard of care or opining that a pendente lite restraint could have been obtained (*see e.g. Zeller v Copps*, 294 AD2d 683, 684 [2002]).

We reach a different conclusion, however, with regard to Pers's failure to file a notice of pendency before plaintiff's wife encumbered the Ridgefield Drive property. Defendants' moving papers are insufficient to show that this failure was not malpractice or the proximate cause of plaintiff's damages. Pers's affidavit simply does not address the absence of a notice of pendency. While defendants' counsel avers that "[i]t is * * * well settled that plaintiff had no right to obtain a *lis pendens* when he clearly had no legal interest in the property," this opinion is conclusory and patently inaccurate because there is no dispute that plaintiff claimed an equitable interest in the Ridgefield Drive property and sought the imposition of a constructive trust. Since actions seeking to impose a constructive trust on real property "obviously affect[ ] title to real property" (*Grossfeld v Beck*, 42 AD2d 844, 844 [1973]; *see Peterson v Kelly*, 173 AD2d 688, 689 [1991]), the filing of a notice of

pendency would have been an available and appropriate prejudgment safeguard in the divorce action (*see* CPLR 6501; *5303 Realty Corp. v O & Y Equity Corp.*, 64 NY2d 313, 318 [1984]; *Letizia v Flaherty*, 207 AD2d 567, 569 [1994], *appeal dismissed* 84 NY2d 922 [1994]). Moreover, since the court in the divorce action found that the guideline factors for a constructive trust had been established (*Ehlinger v Ehlinger, supra* at 349; *see e.g. Gaglio v Molnar-Gaglio*, 300 AD2d 934, 938 [2002]), Supreme Court's view that such a finding was "unlikely" is plainly contradicted by the record and controlling precedent (*see Lester v Zimmer*, 147 AD2d 340, 342 [1989] [constructive trust is not confined to reconveyance situations]). Thus, defendants' moving papers are inadequate to establish that a notice of pendency was unavailable to protect plaintiff's interest, that the failure to file such a notice did not constitute a departure from the applicable standard of care or that such failure did not proximately cause plaintiff's damages. As a result, the burden to prove that this failure departed from the standard of care or proximately caused plaintiff's damages was not shifted to plaintiff.

Mercure, J.P., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion for summary judgment dismissing the claim based on defendants' failure to file a notice of pendency; motion denied to that extent; and, as so modified, affirmed.