Michael Miszko, Jr., Appellant, v Leeds & Morelli et al., Respondents. [769 NYS2d 923]—

Spain, J. Appeal from an order of the Supreme Court (Bradley, J.), entered October 18, 2002 in Ulster County, which granted defendants' motion for partial summary judgment.

Plaintiff is a former State Trooper who, after sustaining on-the-job injuries, was originally awarded accidental disability retirement benefits at 50% of his salary. Believing that he was entitled to 75%, plaintiff embarked on a journey through state and federal courts, unsuccessfully raising constitutional and civil rights challenges to the percentage then utilized under the Retirement and Social Security Law for the calculation of his retirement benefits (see Matter of Miszko v Regan, 194 AD2d 858 [1993], lv denied 82 NY2d 656 [1993]; Miszko v Attorney General of State of N.Y., 164 F3d 618 [1998], cert denied 525 US 1123 [1999]). However, in 1997 and during the pendency of plaintiff's appeal to the Second Circuit Court of Appeals, the New York Legislature retroactively amended the Retirement and Social Security Law to provide state troopers retirement benefits based on a 75% rate of salary, effectively affording plaintiff with the relief that he sought and rendering his retirement claim moot (see Retirement and Social Security Law § 363-b; Miszko v Attorney General of State of N.Y., supra).

Plaintiff retained defendants to represent him in his federal action and gave them a $10,000 retainer fee but, dissatisfied, retained new counsel within a year. He eventually commenced the instant action in early 1998 alleging conversion, legal malpractice and breach of contract. Supreme Court granted partial summary judgment to defendants, finding that plaintiff could not prevail on any of the causes of action underlying his legal malpractice claim and, thus, dismissed the malpractice claim. The court also dismissed plaintiff's breach of contract claim on the basis that it was duplicative of the legal malpractice claim. The conversion claim was not addressed in defendants' motion papers or by Supreme Court. Plaintiff appeals.

To succeed on a claim of legal malpractice, it was incumbent upon plaintiff to demonstrate that defendants were " 'negligent,

that the negligence was a proximate cause of the loss sustained and that plaintiff suffered actual and ascertainable damages' " (*Ehlinger v Ruberti, Girvin & Ferlazzo,* 304 AD2d 925, 926 [2003], quoting *Busino v Meachem,* 270 AD2d 606, 609 [2000]). As discussed, plaintiff has obtained all the relief that he requested in the underlying action by virtue of the amendment to the Retirement and Social Security Law and he has failed to articulate any other identifiable damages. The malpractice claim, therefore, was properly dismissed because "[a]bsent proof of actual damages, a claim for attorney malpractice is unsupportable" (*Ressis v Wojick,* 105 AD2d 565, 567 [1984], *lv denied* 64 NY2d 609 [1985]; *see Busino v Meachem, supra* at 609; *Giambrone v Bank of New York,* 253 AD2d 786, 787 [1998]).

Plaintiff has not raised any argument with respect to the dismissal of his breach of contract claim and, thus, has abandoned that issue (*see Amo v Little Rapids Corp.,* 301 AD2d 698, 702 n 3 [2003], *appeal dismissed and lv denied* 100 NY2d 531 [2003]; *Blumenkrantz v May,* 293 AD2d 850, 852-853 [2002]). In any event, the breach of contract cause of action as pleaded in the complaint is merely a redundant pleading of the malpractice claim (*see Cherry v Decker,* 280 AD2d 867, 868 [2001]).

Plaintiff has included a cause of action for conversion which is still pending. Defendants' motion for summary judgment did not address plaintiff's conversion claim and we conclude that, in granting defendants' motion, Supreme Court interpreted it as seeking summary judgment only on the malpractice and breach of contract claims.

Mercure, J.P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.