■ William E. Huffner, Appellant, v Arnot Ogden Medical Center, Respondent. [780 NYS2d 228]—

Kane, J. Appeal from an order of the Supreme Court (Mulvey, J.), entered May 21, 2003 in Chemung County, which, inter alia, granted defendant's cross motion for summary judgment dismissing the complaint.

Plaintiff was employed by defendant as an emergency room physician and chair of the emergency department. On behalf of all of defendant's emergency room physicians, plaintiff negotiated an employment agreement which was signed by the parties in September 1992. The contract specifically provided that each physician would be able to purchase from the hospital long-term disability insurance that provides for 60% of the physician's income to age 65. As the prior policy had a cap of $10,000 per month and 60% of increased salaries under the new contract could exceed that cap, defendant contacted its insurance policyholder, the Hospital Association of New York State Group Insurance Trust (hereinafter HANYS), to obtain a long-term disability policy with a higher cap of $13,600. HANYS procured a policy through its existing long-term disability insurance underwriters, First UNUM Life Insurance Company. First UNUM issued a policy effective January 1, 1993 that contained the $13,600 cap and, apparently unbeknownst to either party, added a preexisting condition exclusion. The parties did not receive the booklets containing the policy terms and conditions until months after the contract was signed.

In late January 1993, plaintiff became totally disabled due to a condition for which he had been treated in the previous year. When he applied for long-term disability benefits in May 1993, he was granted benefits of $10,000 per month and denied additional payment based on the preexisting condition exclusion. Plaintiff commenced this action alleging breach of contract. This action was suspended while plaintiff prosecuted a separate action against HANYS and First UNUM, which was ultimately dismissed based on the Employee Retirement Income Security Act. Plaintiff then moved for summary judgment in this action and defendant cross-moved for summary judgment dismissing the complaint. Supreme Court denied plaintiff's motion and granted defendant's cross motion. Plaintiff appeals.

Because the parties are bound by the unambiguous terms of

their contract (*see Dierkes Transp. v Germantown Cent. School Dist.*, 295 AD2d 683, 684 [2002]), Supreme Court properly granted defendant's cross motion for summary judgment. While plaintiff avers that he negotiated for a long-term disability insurance policy consistent with prior policies that would provide him coverage without exclusion, defendant argues that, pursuant to the express terms of the contract, it only agreed to provide such insurance with terms and conditions to be determined by the insurer. An attachment to the contract included a provision for "Long Term Disability Insurance," which stated that "[i]n any situation regarding coverage, the terms and conditions of the [long-term disability] policy will prevail." This language clearly supports defendant's position that it agreed to provide long-term disability insurance with terms and conditions to be determined by the insurer. As defendant provided such insurance benefits, albeit with a preexisting condition exclusion inserted by First UNUM, it did not breach the contract.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.