DALE R. BRODEUR, SR., et al., Appellants, v JAMES HAYES et al., Respondents. [795 NYS2d 761]—

Kane, J. Appeal from those parts of an order of the Supreme Court (Lebous, J.), entered June 29, 2004 in Delaware County, which granted a cross motion by defendants James Hayes and Hinman, Howard & Kattell, LLP for summary judgment dismissing the complaint against them and denied a motion by plaintiff Dale R. Brodeur, Sr. to dismiss the counterclaim against him.

This Court's prior decision discusses the facts as they are relevant between plaintiff Dale R. Brodeur, Sr. (hereinafter plaintiff) and defendant Sean McNamee (305 AD2d 754 [2003]). Defendant James Hayes and his law office, defendant Hinman,

* Petitioners prosecuted this proceeding, as well as the appeal, pro se.

Howard & Kattell, LLP (hereinafter collectively referred to as defendants), represented plaintiff and his businesses for many years. Plaintiff had personally guaranteed several notes and mortgages related to a parcel of real property in the Village of Walton, Delaware County which was used by his business. When those mortgages were in default, the National Bank of Delaware County commenced a foreclosure proceeding and the Broome County Industrial Development Agency (hereinafter BCIDA) commenced an action on its note. Defendants apparently accepted service in the BCIDA action and, without consulting with plaintiff, stipulated that plaintiff had no defense to the action, thereby consenting to a default judgment in the amount of the outstanding debt on the note. A default judgment was entered in the National Bank foreclosure proceeding, apparently owing to defendants' failure to serve an answer after accepting service on plaintiff's behalf.

Based on defendants' failure to answer in one proceeding, permitting an unauthorized stipulation in another and a myriad of conflicts of interest, plaintiffs commenced this action alleging legal malpractice against defendants. McNamee asserted a counterclaim against plaintiff seeking moneys due under a note he claimed to possess. In resolution of six motions or cross motions, Supreme Court granted defendants' cross motion for summary judgment dismissing the complaint against them, denied McNamee's motion for summary judgment on his counterclaim, denied plaintiff's motion to dismiss McNamee's counterclaim and denied plaintiff's motion for sanctions against McNamee and his counsel. Plaintiffs appeal.

Supreme Court properly granted defendants' cross motion for summary judgment dismissing plaintiffs' causes of action against them because plaintiffs failed to offer any concrete proof of damages. A legal malpractice cause of action requires proof that the attorney was negligent in handling the plaintiff's matter, such negligence proximately caused a loss and " 'plaintiff suffered actual and ascertainable damages' " (*Ehlinger v Ruberti, Girvin & Ferlazzo*, 304 AD2d 925, 926 [2003], quoting *Busino v Meachem*, 270 AD2d 606, 609 [2000]; *see Tabner v Drake*, 9 AD3d 606, 609 [2004]). Failure to timely interpose an answer constitutes negligence through a breach of an attorney's professional standard of care (*see Shapiro v Butler*, 273 AD2d 657, 658 [2000]). To establish proximate cause, however, the client must still show that he or she would have been successful in the underlying action (*see id.* at 659). Defendants submitted affidavits of Hayes and an expert attorney expressing their opinions that plaintiff had no defenses in either the foreclosure

action or the action on the BCIDA note. Plaintiff contends that he had a defense of indemnification or contribution against others who assumed liability under the notes. Notably, indemnification and contribution are not defenses to a foreclosure action and could not relieve plaintiff of his liability to the holders of those notes, but are rights to receive compensation from third parties. Moreover, the default judgment did not affect plaintiff's ability to seek indemnification or contribution from responsible parties, and costs associated with such litigation would have been expended had defendants initiated third-party claims within the foreclosure action or the action on the BCIDA note.

Plaintiffs also failed to establish damages that were actual and ascertainable, rather than speculative. Plaintiff submitted an affidavit listing over $1.5 million in damages related to defendants' malpractice, including increased credit costs, lost business revenues, lost profits, loss of equity in the Walton property, lost lease payments and litigation costs. On the other hand, plaintiff has not paid the BCIDA judgment and his right to indemnification indicates that he has not yet suffered a loss. The National Bank foreclosure sale netted a surplus judgment, meaning there is no money judgment against plaintiff and the surplus moneys were applied to reduce his obligation under the personal guaranty. Absent any evidence to support plaintiffs' claims or amounts, any claim of damages is speculative and unsubstantiated (*see Pagiere v Murphy, Niles & Greco*, 279 AD2d 867, 868 [2001]; *Giambrone v Bank of N.Y.*, 253 AD2d 786, 787 [1998]). Therefore, Supreme Court properly dismissed the complaint against defendants.

Supreme Court properly denied plaintiff's motion to dismiss McNamee's counterclaim. Questions of fact exist regarding the actual ownership of the note and whether collateral estoppel should be applied to the report of the referee in the foreclosure action, which determined ownership of the note (*see Buechel v Bain*, 97 NY2d 295, 303-304 [2001], *cert denied* 535 US 1096 [2002]; *Church v New York State Thruway Auth.*, 16 AD3d 808, 809-810 [2005]). Thus, dismissal is inappropriate.

Plaintiffs' notice of appeal was limited to Supreme Court's grant of defendants' summary judgment motion and denial of plaintiff's motion to dismiss McNamee's counterclaim. By expressly limiting the appeal to certain portions of the court's order, plaintiffs waived the right to appeal the remainder of that order (*see New Horizons Amusement Enters. v Zullo*, 301 AD2d 825, 826 [2003]; *Ferguson Elec. Co. v Kendal at Ithaca*, 284 AD2d 643, 644 [2001]; *City of Mount Vernon v Mount Vernon Hous. Auth.*, 235 AD2d 516, 516-517 [1997]). No circumstances

exist which would permit us to grant an extension of the time for plaintiffs to take an appeal (*see* CPLR 5514) or permit amendment of the notice of appeal to include an additional issue (*see City of Mount Vernon v Mount Vernon Hous. Auth., supra* at 517). Thus, the court's denial of plaintiff's motion for sanctions is not properly before this Court (*see* CPLR 5515 [1]; *Clifford R. Gray, Inc. v City School Dist. of Albany*, 277 AD2d 843, 846-847 [2000]).

Crew III, J.P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with one bill of costs.