■ William Peak, Appellant, v Bartlett, Pontiff, Stewart & Rhodes, P.C., et al., Respondents. [814 NYS2d 763]—

Spain, J. Appeal from an order of the Supreme Court (Krogmann, J.), entered April 21, 2005 in Washington County, which granted defendants' motion for summary judgment dismissing the complaint.

In November 1995, plaintiff retained defendant Bartlett, Pontiff, Stewart & Rhodes, P.C. (hereinafter defendant) to represent him in an action against Northway Travel Trailers, Inc. (hereinafter the dealer), which had sold plaintiff a new motor home in 1991. Represented by defendant, plaintiff obtained a jury verdict on his breach of contract claim against the dealer following a bifurcated trial on liability (*Peak v Northway Travel Trailers*, 260 AD2d 840 [1999]). Following a bench trial on damages at which plaintiff appeared pro se and failed to prove he sustained any damages, the dealer was granted a directed verdict, which we recently affirmed (*Peak v Northway Travel Trailers, Inc.*, 27 AD3d 927 [2006]). The proof at that trial, some of it also submitted in this action, established that although the vehicle was defective in that it was overweight, plaintiff continued to make use of it for 6½ years until 1998 (in excess of 25,000 miles) when it was destroyed by fire; he thereafter received insurance compensation in excess of $61,000, based upon its book value.

In January 1998—after plaintiff obtained that verdict on liability against the dealer—plaintiff entered into a retainer agreement with defendant to pursue an action against Newmar Corporation, the manufacturer. Defendant commenced an action on plaintiff's behalf against Newmar in Federal District Court within two weeks, which was reportedly* dismissed as untimely based upon the court's conclusion that the statute of limitations on plaintiff's claims against Newmar had expired in December 1997, i.e., before plaintiff retained defendant to pursue an action against Newmar.

Plaintiff commenced this action against defendant and its individual members in 2002 alleging legal malpractice and breach

---

* The District Court order is not included in the record on appeal, and no appeal was apparently taken from that order.

of contract, the gravamen of which relates to defendant's alleged failure to join Newmar in plaintiff's state action against the dealer or to timely commence an action against Newmar in federal court. After issue was joined, Supreme Court issued a written decision granting defendants' motion for summary judgment dismissing plaintiff's complaint, from which plaintiff now appeals. Finding no error, we affirm.

Under settled law, to establish a prima facie case of legal malpractice, plaintiff was required to establish the existence of an attorney-client relationship, that the attorney was negligent and that the negligence proximately caused a loss and that plaintiff sustained actual and ascertainable damages (*see Brodeur v Hayes*, 18 AD3d 979, 980 [2005], *lv dismissed and denied* 5 NY3d 871 [2005]; *see also Amodeo v Gellert & Quartararo, P.C.*, 26 AD3d 705, 707 [2006]). To the extent that plaintiff alleges that defendant was negligent in failing to sue Newmar in plaintiff's action against the dealer on the premise that Newmar was a necessary party (*see* CPLR 1001 [a]), this is incorrect as joint tortfeasors need not be sued together (*see Hecht v City of New York*, 60 NY2d 57, 62 [1983]).

With regard to plaintiff's claim that defendant's failure to join Newmar in the suit against the dealer constituted negligence, the testimony of defendant Gary C. Hobbs, a member of the firm, established that he advised plaintiff to include Newmar in that action but did not do so based upon plaintiff's adamant assertions to him that he did not want to sue Newmar. Plaintiff's own redacted deposition testimony confirms that it was *his* decision not to sue Newmar at that time, based upon the financial toll and the stress that plaintiff had experienced in his previous unsuccessful Lemon Law arbitration against Newmar (*see Peak v Northway Travel Trailers*, 260 AD2d 840, 840 n 2 [1999], *supra*). Further, plaintiff's 1995 retainer agreement with defendant was clearly limited to an action against the dealer, and the record reflects that plaintiff first communicated to defendant a willingness to sue Newmar in January 1998, entering a retainer agreement with defendant for that purpose on January 28, 1998—*following* the jury's December 1997 verdict on liability against the dealer. Thus, defendants established on their motion that defendant's failure to include Newmar in that action was not negligence, which plaintiff failed to oppose.

Plaintiff's contention that defendant's failure to timely commence an action against Newmar in federal court constituted legal malpractice likewise cannot survive defendants' showing that the District Court's dismissal for untimeliness was

premised upon its conclusion that the statute of limitations had expired in December 1997, *before* plaintiff retained defendant to pursue an action against Newmar. Moreover, defendants demonstrated on the motion for summary judgment in the within action that plaintiff would be unable to prove that he sustained actual and ascertainable damages as a consequence of defendant's negligence, an indispensable component of plaintiff's legal malpractice cause of action (*see Miszko v Leeds & Morelli,* 3 AD3d 726, 727 [2004]; *Ehlinger v Ruberti, Girvin & Ferlazzo,* 304 AD2d 925, 926 [2003]; *see also Brodeur v Hayes, supra*). Indeed, defendant demonstrated that at the damages trial in plaintiff's action against the dealer, he had a full and fair opportunity to litigate the issue of whether he sustained any damages or loss as a result of the vehicle's defective, overweight condition, but was unable to establish that he sustained any such damages or that his insurance recovery did not fully compensate him, issues necessarily decided in awarding the dealer a directed verdict (*see Parker v Blauvelt Volunteer Fire Co.,* 93 NY2d 343, 349 [1999]; *Ryan v New York Tel. Co.,* 62 NY2d 494, 500-501 [1984]). As plaintiff did not rebut that showing, he is now precluded from relitigating the issue. Plaintiff's argument that the damages he sustained due to Newmar's manufacture and sale of the defective vehicle are different from those he claimed were due to the dealer's actions was not substantiated by any proof in opposition to defendants' motion and is speculative; it cannot defeat defendants' showing that plaintiff could not establish that he would have been successful in a suit against Newmar, but for defendant's purported negligence (*see Ehlinger v Ruberti, Girvin & Ferlazzo, supra; see also Amodeo v Gellert & Quartararo, P.C., supra; Brodeur v Hayes, supra*).

By parity of reasoning, defendants were entitled to summary judgment dismissing plaintiff's duplicative breach of contract claim arising from the same conduct and for which he substantiated no distinct damages (*see Miszko v Leeds & Morelli, supra* at 727; *Tyborowski v Cuddeback & Onofry,* 279 AD2d 763, 765 [2001]; *see also Daniels v Lebit,* 299 AD2d 310 [2002]). Further, plaintiff offered no proof that defendant breached either of its retainer agreements with him. Plaintiff's remaining contentions do not warrant further discussion.

Cardona, P.J., Crew III, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.