■ JANINE GUILES, Appellant, v CHRISTOPHER SIMSER, Respondent. [826 NYS2d 484]—

Kane, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered August 23, 2005 in Broome County, which, inter alia, granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff retained defendant's legal services to assist her in obtaining a legal separation from her husband. During the

course of representation in this matrimonial matter, defendant engaged in a romantic courtship of plaintiff that included two acts of sexual intercourse. When plaintiff revealed this relationship, defendant's employer terminated him and referred him to the Committee on Professional Standards. Plaintiff commenced this action against defendant and his former employer* asserting causes of action including battery, fraud, fraudulent concealment, negligent infliction of emotional distress, negligence, deceit and breach of fiduciary duty. After joinder of issue, defendant moved for summary judgment dismissing the complaint. Plaintiff cross-moved for summary judgment with respect to her breach of fiduciary duty claim. Supreme Court, determining that the complaint essentially boiled down to a single cause of action for legal malpractice based upon a breach of fiduciary duty allegedly resulting in emotional damage, granted defendant's motion and dismissed the complaint. Plaintiff appeals, limiting her argument to the breach of fiduciary duty cause of action.

Supreme Court properly dismissed the complaint. Plaintiff's cause of action, labeled as a breach of her attorney's fiduciary duty, was essentially a claim of legal malpractice (*see Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc.*, 10 AD3d 267, 271 [2004]; *Estate of Nevelson v Carro, Spanbock, Kaster & Cuiffo*, 290 AD2d 399, 400 [2002]; *compare Wende C. v United Methodist Church, N.Y. W. Area*, 6 AD3d 1047, 1050 [2004], *affd* 4 NY3d 293 [2005], *cert denied* 546 US —, 126 S Ct 346 [2005]; *Langford v Roman Catholic Diocese of Brooklyn*, 271 AD2d 494, 495 [2000]; *but cf. Bouley v Bouley*, 19 AD3d 1049 [2005]). To succeed on her legal malpractice claim, plaintiff would be required to prove that defendant was negligent in his legal representation, his negligence was a proximate cause of her loss and that she sustained actual and ascertainable damages (*see Ehlinger v Ruberti, Girvin & Ferlazzo*, 304 AD2d 925, 926 [2003]). Although the question of whether malpractice has been committed is ordinarily a triable factual issue (*see Greene v Payne, Wood & Littlejohn*, 197 AD2d 664, 666 [1993]), summary judgment may be granted if the attorney can establish that the client cannot prove at least one of the elements of malpractice (*see Tabner v Drake*, 9 AD3d 606, 609 [2004]).

In response to defendant's prima facie defense, plaintiff failed to offer proof in admissible form sufficient to establish the elements of her claim. Defendant's sexual encounters with plaintiff clearly constituted ethical violations (*see* Code of Professional

---

* In a separate order, all causes of action were dismissed against defendant's former employer.

1056

Responsibility DR 5-111 [b] [3] [22 NYCRR 1200.29-a (b) (3)]; *see also* Code of Professional Responsibility DR 1-102 [a] [7] [22 NYCRR 1200.3 (a) (7)]), but "[t]he violation of a disciplinary rule does not, without more, generate a cause of action" (*Schwartz v Olshan Grundman Frome & Rosenzweig*, 302 AD2d 193, 199 [2003]). While plaintiff's complaint states that defendant's initiation of a sexual relationship resulted in her husband's refusal to sign the separation agreement drafted by defendant and caused plaintiff to settle on less favorable terms after incurring additional legal expenses, she failed to allege these damages in her bill of particulars or otherwise mention them in response to defendant's discovery requests or the instant motion. The only damages she alleged in her discovery responses and in response to defendant's application for summary judgment were related to her emotional distress, yet "emotional damages are not recoverable in a legal malpractice action" (*Kaiser v Van Houten*, 12 AD3d 1012, 1014 [2004]). Because plaintiff has not provided any factual information showing that defendant was negligent in his legal representation, that she suffered a loss related to such alleged negligence or that she suffered recoverable damages at all, Supreme Court appropriately granted defendant's motion for summary judgment dismissing the complaint (*compare Mega Group, Inc. v Pechenik & Curro, P.C.*, 32 AD3d 584 [2006]).

Carpinello, J.P., Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs. [*See* 9 Misc 3d 1083 (2005).]