■ WILLIAM E. HUFFNER, Appellant, v ZIFF, WEIERMILLER, HAYDEN & MUSTICO, LLP, Respondent. [— NYS2d —]—

Kane, J. Appeal from an order of the Supreme Court (Mulvey, J.), entered October 4, 2007 in Chemung County, which, among other things, granted defendant's motion for summary judgment dismissing the complaint.

In 1990, plaintiff began suffering from a debilitating spinal condition. In 1992, plaintiff, while practicing medicine as chair of the emergency department at Arnot Ogden Medical Center (hereinafter the hospital), and his fellow emergency department physicians negotiated with the hospital over their new employment contract. Plaintiff contacted and met with an attorney at defendant's law firm regarding the new contract. The prior employment contract provided for long-term disability insurance that would pay up to 60% of a physician's income in the event of a disability, with a $10,000 per month cap. The new contract permitted the physicians to purchase, through the hospital, long-term disability insurance providing for 60% of the physician's income. An attachment to the contract provided that for all situations regarding coverage, the terms and conditions of the insurance policy will prevail. The hospital adopted a new long-term disability policy with its insurance carrier in April 1993, retroactive to January 1, 1993. The new policy increased the monthly benefits cap to $13,600, but included an exclusion for preexisting conditions.

Plaintiff purchased the long-term disability policy in November 1992 and became totally disabled in January 1993. The insurance company, consistent with the new policy, denied plaintiff the increased benefits cap and limited his benefits to $10,000 per month based upon the preexisting nature of his condition. Plaintiff commenced this action alleging legal malpractice related to defendant's review of the contract. Defendant moved for summary judgment dismissing the complaint and plaintiff cross-moved for summary judgment in his favor. Supreme Court

granted defendant's motion and denied the cross motion, prompting plaintiff's appeal.

The proponent of a motion for summary judgment must establish a prima facie case by submitting proof in admissible form which eliminates any material issue of fact; only then does the burden shift to the opponent to rebut that proof (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Candelario v Watervliet Hous. Auth.*, 46 AD3d 1073, 1074 [2007]). To succeed on their respective motions in this legal malpractice claim, plaintiff was required to prove each of the elements of his cause of action and defendant was required to establish that plaintiff could not prove at least one of the elements (*cf. Guiles v Simser*, 35 AD3d 1054, 1055 [2006]; *Tabner v Drake*, 9 AD3d 606, 609 [2004]). Those elements are an attorney-client relationship between the parties, negligence by defendant in its legal representation, proximate cause between defendant's negligence and plaintiff's loss, and actual and ascertainable damages suffered by plaintiff (*see Guiles v Simser*, 35 AD3d at 1055; *Tabner v Drake*, 9 AD3d at 609). Here, neither party was entitled to summary judgment.

Defendant argues that no attorney-client relationship existed because it represented the group of physicians, not plaintiff individually. As no written retainer agreement exists, we must "look to the words and actions of the parties to ascertain if an attorney-client relationship was formed" (*C.K. Indus. Corp. v C.M. Indus. Corp.*, 213 AD2d 846, 848 [1995]). Plaintiff asserts that defendant was representing each of the physicians individually. The record does not reveal whether the physicians are organized as any type of official entity. No one signed the contract as a representative of the physician group; each physician signed on his own behalf. The bill for defendant's services was sent to and paid by the physician's group, apparently out of an organizational bank account. Plaintiff was a prior client of defendant and was the physician who met with defendant. He remembers mentioning to defendant details specific to his own medical situation concerning the disability insurance issue. The main attorney from defendant's firm could not specifically recall any such discussion. Under the circumstances, the existence of an attorney-client relationship remains an unresolved question of fact. Therefore, as plaintiff failed to prove an element of his claim, his cross motion for summary judgment was properly denied.

Defendant could still prevail on its motion by establishing that plaintiff cannot prove another element of his claim. Defendant contends that plaintiff cannot prove proximate cause, as

he cannot prove that better review of the contract by defendant would have ultimately led to the hospital's adoption of a long-term disability policy without exclusions. The attorney from defendant's firm avers that he was informed and believed that a waiver of the preexisting condition exclusion was not negotiable and could not have been obtained, but he fails to state the source of this information and belief. Defendant also contends that it is unlikely that the hospital or insurance carrier would have eliminated this exclusion from the policy, citing prior litigation brought by plaintiff against those entities over the contract (*see e.g. Huffner v Arnot Ogden Med. Ctr.*, 9 AD3d 667 [2004]). Yet that litigation dealt with different issues, and there is no proof submitted from any representative of the hospital or insurance carrier that such a provision was nonnegotiable (*compare Antokol & Coffin v Myers*, 30 AD3d 843, 845-846 [2006]). For example, the carrier may have been willing to issue a policy without that exclusion for a higher premium and the hospital may have been willing to offer such a policy if the participating physicians were willing to pay the higher premium. Because defendant failed to establish that plaintiff could not prove the proximate cause element or any other element of his claim, defendant's motion for summary judgment should have been denied.

Spain, J.P., Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant's motion for summary judgment; motion denied; and, as so modified, affirmed.