Mercure, J.E
Appeal from an order of the Supreme Court (Garry, J.), entered July 5, 2007 in Tompkins County, which, among other things, partially granted defendants’ motion for partial summary judgment dismissing the complaint.
*1072 Plaintiff has commenced a series of lawsuits against his former employer, nonparty Schuyler Hospital, as well as both his former counsel and counsel for various prior defendants. In this action, his fifth lawsuit, plaintiff asserts a variety of claims, including legal malpractice and breach of fiduciary duty, against defendants, his counsel in the third and fourth lawsuits, in which he claimed that the various defendants therein had violated the settlement agreement between plaintiff and Schuyler Hospital that resolved plaintiffs first action.* Upon this appeal, plaintiff challenges an order of Supreme Court granting defendants’ motion for partial summary judgment, dismissing all causes of action except plaintiffs conversion claim and granting defendants’ motion to strike plaintiffs demand for punitive damages.
We affirm. “ ‘To recover damages for legal malpractice, a plaintiff must demonstrate that the attorney was negligent, that the negligence was a proximate cause of the loss sustained and that plaintiff suffered actual and ascertainable damages’ ” (Ehlinger v Ruberti, Girvin & Ferlazzo, 304 AD2d 925, 926 [2003], quoting Busino v Meachem, 270 AD2d 606, 609 [2000] [citations omitted]). Here, defendants demonstrated prima facie entitlement to summary judgment by submitting proof in admissible form that they exercised adequate care, skill and diligence in discharging their obligations to plaintiff; that the lack of merit to plaintiffs claims, rather than any alleged negligence of defendants, caused plaintiffs failure to prevail in the third and fourth actions; and that any damages sustained by plaintiff resulted solely from the settlement agreement signed prior to his representation by defendants. Inasmuch as plaintiff’s submissions in response failed to raise any issues of fact regarding negligence, proximate cause or damages, Supreme Court properly dismissed plaintiffs legal malpractice cause of action (see Guiles v Simser, 35 AD3d 1054, 1055-1056 [2006]; Antokol & Coffin v Myers, 30 AD3d 843, 845-846 [2006]; Lichtenstein v Barenbaum, 23 AD3d 440, 440-441 [2005]; Brodeur v Hayes, 18 AD3d 979, 980-981 [2005], lv dismissed and denied 5 NY3d 871 [2005]). Finally, plaintiffs breach of fiduciary duty claims are, essentially, claims of legal malpractice and, thus, they fail for *1073 the reasons detailed above (see Guiles v Simser, 35 AD3d at 1055; Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc., 10 AD3d 267, 271-272 [2004]).
Plaintiffs remaining claims have been considered and found to be lacking in merit.
Spain, Rose, Kane and Stein, JJ., concur. Ordered that the order is affirmed, without costs.

 This Court previously affirmed an order striking the complaint in plaintiffs second lawsuit, a slip and fall action against Schuyler Hospital, due to plaintiffs noncompliance with discovery orders (Adamski v Schuyler Hosp., Inc., 36 AD3d 1198 [2007]). Currently pending before us is plaintiffs appeal from the dismissal of his complaint in his sixth action, in which he asserts, among other things, a libel claim against trial counsel for the defendants in this action (Adamski v Romano-Schulman, 56 AD3d 1078 [2008] [decided herewith]).