JACK HALL PLUMBING & HEATING, INC., Appellant, v MONICA A. DUFFY et al., Doing Business as JUDGE & DUFFY, et al., Respondents. [952 NYS2d 848]—

Rose, J.P. Appeal from an order of the Supreme Court (Muller, J.), entered January 13, 2012 in Warren County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff, a corporation owned by John Hall Sr. and his two sons, entered into an employment agreement with its chief operating officer, Russell Scudder. The agreement provided that, prior to its expiration, plaintiff could terminate Scudder for cause by presenting written charges setting forth the basis for the termination and then giving Scudder an opportunity to respond to the charges in writing and to request that plaintiff's president review his response. To carry out the termination, the president was then required to obtain the consent of the board of directors and to comply with any guidelines set forth in plaintiff's bylaws.*

Soon after entering into the agreement, the relationship between the Halls and Scudder deteriorated to the point that Hall became concerned that he and his sons were in danger of losing the business due to Scudder's mismanagement. Accordingly, Hall sought legal advice from defendant H. Wayne Judge concerning how to terminate Scudder in compliance with the

---

* There were none.

employment agreement and in view of the urgency caused by the perceived danger to the business. After their meeting, Judge drafted a letter for Hall to give to Scudder. The letter outlined the reasons for Scudder's termination and informed him that it was effective immediately. Hall and his sons then unanimously voted to terminate Scudder without giving Scudder notice and an opportunity to respond, after which Hall gave Scudder the letter drafted by Judge. Scudder responded by commencing an action against plaintiff for breach of the employment agreement. Although plaintiff, represented by Judge, prevailed at the trial of that action, we reversed and found that plaintiff failed to comply with the unambiguous terms of the employment agreement by terminating Scudder without any notice or opportunity to respond (*Scudder v Jack Hall Plumbing & Heating*, 302 AD2d 848 [2003]). Plaintiff then commenced this action alleging that defendants committed legal malpractice by negligently advising plaintiff in connection with Scudder's termination. After joinder of issue and discovery, defendants moved for summary judgment dismissing plaintiff's complaint. Finding that plaintiff's opposing papers were inadequate to raise an issue of fact, Supreme Court granted the motion.

Plaintiff contends on appeal that defendants failed to meet their initial burden of presenting evidence in admissible form establishing that they had exercised the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession in discharging their obligations to plaintiff (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]; *Geraci v Munnelly*, 85 AD3d 1361, 1362 [2011]; *Adamski v Lama*, 56 AD3d 1071, 1072 [2008]). This issue of the adequacy of the professional services provided here requires a professional or expert opinion to define the standard of professional care and skill owed to plaintiff and to establish whether the attorney's conduct complied with that standard (*see Tabner v Drake*, 9 AD3d 606, 610 [2004]; *Ehlinger v Ruberti, Girvin & Ferlazzo*, 304 AD2d 925, 926 [2003]; *Greene v Payne, Wood & Littlejohn*, 197 AD2d 664, 666 [1993]). Plaintiff argues that the affirmation by Judge submitted in support of defendants' motion for summary judgment fails to establish his prima facie compliance with the standard of care. We must agree.

According to Judge, based on his reading of the contract and plaintiff's bylaws, he formed a legal opinion that the employment agreement was ambiguous and that immediate termination was consistent with its terms. Judge was motivated, however, by Hall's desire for urgency and his own view that engaging in the termination process provided for by the agree-

ment would damage plaintiff's business. While Judge offers his legal conclusion and the business-related motivation behind it, his affirmation is insufficient to establish compliance with the applicable standard of care because he neither defines that standard nor explains that a reasonable attorney would reach the same conclusion that he did on the facts as they were presented to him. In short, Judge's explanation of the urgency of the business factors that he considered in formulating the advice that he gave fails to establish that his legal advice was within the standard of care.

Further, Judge's reliance on the fact that he initially prevailed at trial as proof that his interpretation of the employment agreement was reasonable is also misplaced as that order was reversed by this Court on the law (*Scudder v Jack Hall Plumbing & Heating*, 302 AD2d at 851). Accordingly, the argument that any error was one of judgment in selecting between reasonable alternatives must fail in light of the lack of a prima facie showing that the legal advice provided was a reasonable course of action. Inasmuch as defendants failed to shift the burden to plaintiff to demonstrate a departure from the standard of care, the motion for summary judgment should have been denied (*see Suppiah v Kalish*, 76 AD3d 829, 832 [2010]; *Ehlinger v Ruberti, Girvin & Ferlazzo*, 304 AD2d at 927; *Estate of Nevelson v Carro, Spanbock, Kaster & Cuiffo*, 259 AD2d 282, 284 [1999]).

Spain, Malone Jr. and Garry, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied. 