■ Donald D. Sevey, Appellant, v Betty D. Friedlander et al., Respondents. [920 NYS2d 831]—

Lahtinen, J. Appeal from an order of the Supreme Court (Reynolds Fitzgerald, J.), entered September 9, 2009 in Tompkins County, which granted defendants' motion for summary judgment dismissing the complaint.

In 2002, plaintiff retained defendant Betty D. Friedlander of defendant Friedlander and Friedlander, P.C. to represent him in his divorce action. Prior to trial, the divorcing parties negotiated a settlement. A stipulation was placed on the record in July 2003 setting forth the terms thereof and plaintiff, an ostensibly sophisticated businessperson, acknowledged on the record that he understood and accepted the terms of the stipulation. The terms were included in the divorce judgment, which was executed and entered in August 2003. Thereafter, plaintiff became disenchanted with some of the financial terms of the judgment of divorce and he commenced this legal malpractice action in March 2006 asserting, among other things, that Friedlander had pressured him to accept an unfavorable settlement. Following disclosure, defendants moved for summary judgment dismissing the complaint. Supreme Court granted the motion and plaintiff appeals.

We affirm. "In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused [the] plaintiff to sustain actual and ascertainable damages" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007] [internal quotation marks and citation omitted]; *see Brodeur v Hayes*, 18 AD3d 979, 980 [2005], *lv dismissed and denied* 5 NY3d 871 [2005]). As the proponents of summary judgment, defendants had the initial burden of "present[ing] evidence in admissible form establishing that plaintiff is unable to prove at least one of these elements" (*Ehlinger v Ruberti, Girvin & Ferlazzo*, 304 AD2d 925, 926 [2003]; *see Benaquista v Burke*, 74 AD3d 1514, 1515 [2010]). Where this threshold is satisfied,

plaintiff must then provide proof raising triable issues of fact and "[m]ere speculation about a loss resulting from an attorney's [alleged] poor performance is insufficient" (*Antokol & Coffin v Myers*, 30 AD3d 843, 845 [2006]; *see MacDonald v Guttman*, 72 AD3d 1452, 1455 [2010]).

Defendants established that the settlement was, in many regards, financially favorable to plaintiff. For example, his temporary child support for his three children of $2,000 per month was reduced in the stipulation to $650 per month and he agreed to pay that amount for four years at which time his wife was required to pay child support to plaintiff for their son who resided with him. The duration of spousal maintenance for the long-term marriage was also capped at four years and, in fact, he paid for a shorter duration because his spouse remarried. Although he had received a $20,000 bonus on top of his $95,000 salary, his stipulated income included none of the bonus money. His spouse's stipulated income from her small business was set at $28,000, which was an amount falling between her claimed earnings of $14,596 and the $46,703 contended by plaintiff's expert. Moreover, at the time the divorce case was pending, plaintiff purchased a luxury car with monthly payments of nearly $800 for five years, an action that did not assist his position in the negotiations. Defendants submitted sufficient proof to shift the burden as to the element of whether plaintiff sustained actual damages.

Plaintiff contends that he would have received a more favorable result if he had gone to trial. On this record, his contention is entirely speculative (*see Boone v Bender*, 74 AD3d 1111, 1113 [2010]). While his stipulated child support obligation did not immediately cease when each child turned 21, the amount was reduced by $1,350 a month from the temporary order and was significantly less than his child support obligation as calculated under the Child Support Standards Act (*see* Domestic Relations Law § 240 [1-b]). Moreover, the four-year period for child support was discussed on the record when the settlement terms were being set forth, plaintiff was present and he expressed no objection or confusion at such time. His assertion that his pro rata share of college costs should have been lower is based upon his speculation that the trial court would have been persuaded by his proof regarding his wife's income. An equally valid speculation is that the trial court would have accepted his wife's proof about her even lower income and also would have included plaintiff's bonus as income, resulting in a higher pro rata contribution. We agree with Supreme Court that plaintiff failed to raise a triable issue (*see Allen v Krna*, 282 AD2d 946, 948-949 [2001]).

Plaintiff further asserts that he should have been granted an extension of the return date of the motion so that he could obtain an affidavit from an expert. However, the action had been pending for several years and plaintiff's untimely responses to the motion had already resulted in a lengthy adjournment. Plaintiff offered no viable excuse for his failure to obtain an expert. Under such circumstances, we are unpersuaded that Supreme Court abused its discretion in declining to grant a further extension of the motion (*see Fleck v Calabro*, 268 AD2d 738, 739 [2000]).

Spain, J.P., Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.