■ CHRIS GERACI, Appellant, v KENNETH J. MUNNELLY et al., Respondents. [924 NYS2d 693]—

Lahtinen, J. Appeals (1) from an order of the Supreme Court (McDonough, J.), entered September 10, 2010 in Albany County, which, among other things, granted defendants' motion for summary judgment dismissing the complaint, and (2) from a judgment of said court, entered September 21, 2010 in Albany County, which granted defendant Kenneth J. Munnelly's motion for a default judgment on his counterclaims against plaintiff.

Plaintiff commenced this legal malpractice and breach of contract action against defendant Kenneth J. Munnelly and his law firm, defendant Arcus, Goldstein & Munnelly, regarding two underlying actions—a CPLR article 78 proceeding and a lawsuit in federal court—where Munnelly had represented him. The CPLR article 78 proceeding was brought to challenge the denial by the Office of Children and Family Services of a request by plaintiff to seal or amend an indicated report that he had maltreated his two children. The proceeding, which had been transferred to this Court pursuant to CPLR 7804 (g), was dismissed when it was not timely perfected in accordance with 22 NYCRR 800.12. The federal action was brought against, among others, the Albany County Sheriff's Department and a lieutenant in the department who had allegedly surreptitiously assisted plaintiff's former spouse in absconding with their children and remaining at large for about two years. Although the action as to the lieutenant was dismissed because neither the lieutenant (who had left the department and shortly thereafter died) nor her estate were ever served, the case nevertheless settled for $135,000.

This malpractice action ensued, and Munnelly asserted

counterclaims for a past due fee in an allegedly separate legal matter as well as unpaid disbursements. Following disclosure, defendants moved for summary judgment dismissing the complaint, Munnelly moved for default judgment on his counterclaims, and plaintiff cross-moved for partial summary judgment. Supreme Court granted defendants' motion for summary judgment, finding plaintiff's breach of contract claim duplicative of his legal malpractice claim and that, while issues of fact remained as to defendants' negligent representation, plaintiff failed to raise a triable issue with regard to actual damages suffered as a result of defendants' alleged malpractice. In addition, because plaintiff failed to reply to Munnelly's counterclaims, Supreme Court granted Munnelly's motion for a default judgment of $5,244.50. Plaintiff appeals contending that Supreme Court erred in dismissing his malpractice claim and in granting Munnelly's motion for a default judgment.

"In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney 'failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession' and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007], quoting *McCoy v Feinman*, 99 NY2d 295, 301-302 [2002]; *see AmBase Corp. v Davis Polk & Wardwell*, 8 NY3d 428, 434 [2007]; *Busino v Meachem*, 270 AD2d 606, 609 [2000]). "For defendants to succeed on their motion for summary judgment . . . , they were required to present evidence in admissible form establishing that plaintiff is unable to prove at least one of these elements" (*Ehlinger v Ruberti, Girvin & Ferlazzo*, 304 AD2d 925, 926 [2003]). Supreme Court determined that defendants met their burden as to the element of damages and that plaintiff failed to respond with sufficient proof to raise a triable issue. "Damages in a legal malpractice case are designed 'to make the injured client whole' " (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d at 443, quoting *Campagnola v Mulholland, Minion & Roe*, 76 NY2d 38, 42 [1990]).

Here, in support of his motion as to the underlying CPLR article 78 proceeding, Munnelly included deposition testimony from plaintiff reflecting that he is employed as a correction sergeant in Florida. Munnelly established through plaintiff's own testimony that his career has not been affected by his name being on the Central Register of Child Abuse and Maltreatment. Plaintiff expressed no intention to be involved in activities or an area of work that would be negatively impacted

thereby. Munnelly further demonstrated that plaintiff's pleadings contained only conclusory allegations as to damages. In response, plaintiff's affidavit failed to set forth any negative consequences that he has suffered as a result of his name being on the Central Register. He further failed to detail any financial costs incurred. Although he included bills from Munnelly, these all predated the subject CPLR article 78 proceeding by well over a year and related to earlier legal work on family law and criminal law matters in which Munnelly represented plaintiff. Plaintiff submitted no proof regarding potential damages of any nature flowing from the article 78 proceeding. We are constrained to conclude that plaintiff failed to raise a factual issue regarding damages as a result of the allegedly neglected CPLR article 78 proceeding.

Similarly, we agree with Supreme Court that defendants met their burden regarding the underlying federal action and plaintiff failed to raise a triable issue. Plaintiff's malpractice complaint alleged that the conduct by the lieutenant was conducted in her official capacity and as an employee of the Sheriff's Department. The settlement extended to the Department and its employees. Plaintiff failed to produce any proof beyond speculation indicating that he could have received additional compensation or a more favorable settlement if the lieutenant had been served or, after her death, her estate had been made a party to the federal court action.

Supreme Court properly granted a default judgment on the counterclaims. Munnelly made the motion within a year of plaintiff's uncontested failure to serve a reply to the counterclaims. In response to the motion, "[p]laintiff[ ] made no application to be relieved of [his] default, nor did [he] offer an explanation for [his] failure to comply with the statutory pleading requirements. Even now, [he does] not seek to serve a late reply" (*Brody v St. Onge*, 167 AD2d 671, 673 [1990]).

Mercure, J.P., Peters, Malone Jr. and Stein, JJ., concur. Ordered that the order and judgment are affirmed, with costs.