Rose, J.P.
Appeal from an order and a judgment of the Supreme Court (Mulvey, J.), entered February 24, 2012 and March 2, 2012 in Tompkins County, which, among other things, granted defendant’s motion for summary judgment dismissing the complaint.
*1083 Plaintiff received workers’ compensation benefits as a result of a strained hip he sustained in the course of his employment. When his long-standing orthopedic surgeon, who had previously diagnosed him with osteoarthiritis of the hip, concluded that the work-related injury was fully resolved and any remaining symptoms were solely related to the preexisting condition, the State Insurance Fund (hereinafter SIF) requested that his benefits be suspended. Plaintiff then retained defendant to represent him and, on defendant’s advice, plaintiff went to see another orthopedic surgeon, who attributed 50% of plaintiffs disability to the work-related injury. At a conciliation hearing, defendant negotiated a settlement with a representative from SIF whereby plaintiff agreed to benefits based upon a temporary, marked disability apportioned 50% to the work-related injury.
Plaintiff became dissatisfied with the settlement after learning that the Workers’ Compensation Board would not have imposed an apportionment in his case because his prior disability did not prevent him from working. Defendant attempted to reopen the claim for plaintiff but, when he was unsuccessful, plaintiff commenced this action alleging that defendant’s agreement to apportion his claim constituted legal malpractice. Supreme Court then granted defendant’s motion for summary judgment dismissing the complaint, finding that plaintiffs damages are speculative because he cannot establish that he would have prevailed if he had litigated the matter before the Board. Plaintiff appeals and we affirm.
Even assuming that defendant was negligent because he was unfamiliar with the Board’s apportionment doctrine (see e.g. Matter of Nye v IBM Corp., 2 AD3d 1164, 1164 [2003]; Matter of Krebs v Town of Ithaca, 293 AD2d 883, 883-884 [2002], lv denied 100 NY2d 501 [2003]), he could nevertheless succeed on his motion for summary judgment by demonstrating that his negligence was not a proximate cause of any actual and ascertainable damages to plaintiff (see Geraci v Munnelly, 85 AD3d 1361, 1362 [2011]; Bixby v Somerville, 62 AD3d 1137, 1139 [2009]; Tabner v Drake, 9 AD3d 606, 609 [2004]). In the context of the compromise reached in settlement of plaintiff’s workers’ compensation claim, a legal malpractice cause of action would be viable “ ‘if it is alleged that [the] settlement . . . was effectively compelled by the mistakes of counsel’ ” (Tortura v Sullivan Papain Block McGrath & Cannavo, P.C., 21 AD3d 1082, 1083 [2005], lv denied 6 NY3d 701 [2005], quoting Bernstein v Oppenheim & Co., 160 AD2d 428, 430 [1990]; see Rau v Borenkoff, 262 AD2d 388, 389 [1999]).
Here, SIF’s representative testified that, even with apportion *1084 ment, he felt that he had given “too much” to plaintiff and that the negotiations had resulted in a “bad deal” for SIF. He also testified that an agreement that failed to include apportionment would have been “the ultimate victory for [plaintiff].” In short, there is no evidence to support plaintiff’s contention that the carrier would have agreed to the settlement without apportioning the claim. Rather, the record supports the contrary conclusion that it was to SIF’s advantage to seek a settlement that apportioned its liability.
Nor is there any evidence that defendant could have litigated a more favorable result for plaintiff (see Sevey v Friedlander, 83 AD3d 1226, 1227 [2011], lv denied 17 NY3d 707 [2011]; Mega Group, Inc. v Pechenik & Curro, P.C., 32 AD3d 584, 586-587 [2006]). In determining whether plaintiff was entitled to continued benefits, the Board would have been confronted with differing medical opinions and would have been free to credit the opinion that plaintiff was no longer disabled as a result of the work-related injury (see e.g. Matter of Altobelli v Allinger Temporary Servs., Inc., 70 AD3d 1083, 1084 [2010]; Matter of Moore v St. Peter's Hosp., 18 AD3d 1001, 1002 [2005]). Had the Board accepted the opinion of plaintiffs treating orthopedist, plaintiff would have been entitled only to a lump-sum payment for his work-related injury, and would not be receiving the continuing benefits provided by the settlement.
We cannot agree with plaintiffs argument, based on Matter of Sidaris v Brookhaven Mem. Hosp. (271 AD2d 884 [2000]), that he would have been entitled to continuing benefits after a hearing even if the treating orthopedist’s opinion was accepted. The claimant in Sidaris received benefits based on an accident that aggravated his preexisting condition (id. at 884). Here, plaintiffs treating orthopedist opined that his work-related injury was fully resolved and had no impact on his preexisting condition, which he described as naturally progressing. Accordingly, the damages alleged by plaintiff are speculative and Supreme Court properly granted defendant’s motion for summary judgment dismissing the complaint (see Rudolf v Shayne, Dachs, Stanisci, Corker & Saver, 8 NY3d 438, 443 [2007]; Sevey v Friedlander, 83 AD3d at 1227; Country Club Partners, LLC v Goldman, 79 AD3d 1389, 1392 [2010]).
Spain, McCarthy and Egan Jr., JJ., concur. Ordered that the order and judgment are affirmed, with costs.