## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  January 22, 2015                518437
_____

PETER BOOTS et al.,

                    Appellants,

            v                                    MEMORANDUM AND ORDER

BETTE & CRING, LLC,

                    Respondent.
_____

Calendar Date:  November 14, 2014

Before:  Lahtinen, J.P., McCarthy, Egan Jr. and Devine, JJ.

                    _____

        Collins & Collins, LLC, Buffalo (Charles H. Cobb of
counsel), for appellants.

        Stockton, Barker & Mead, LLP, Troy (John B. Paniccia of
counsel), for respondent.

                    _____

Devine, J.

        Appeal from an order of the Supreme Court (Ellis, J.),
entered October 15, 2013 in Franklin County, which granted
defendant's motion for summary judgment dismissing the complaint.

        While replacing a window of a school building, plaintiff
Peter Boots (hereinafter plaintiff) injured his left hand and
wrist when the utility knife he was using malfunctioned.  As a
result, plaintiff and his spouse, derivatively, commenced this
action against defendant, alleging common-law negligence and
violations under Labor Law §§ 200, 240 (1) and 241 (6).  Supreme
Court granted defendant's motion for summary judgment dismissing
the complaint.  In their sole claim on appeal, plaintiffs now
assert that the court improperly dismissed their Labor Law § 241

(6) cause of action.[1]

General contractors have a nondelegable duty "to provide reasonable and adequate protection and safety for workers and to comply with the specific safety rules and regulations" set forth in the Industrial Code (Misicki v Caradonna, 12 NY3d 511, 515 [2009] [internal quotation marks and citation omitted]; see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 350 [1998]).  A viable claim pursuant to Labor Law § 241 (6) "must show the applicability of a specific provision of the Industrial Code to the relevant work, a violation of the regulation, and that such violation constituted causally related negligence" (Copp v City of Elmira, 31 AD3d 899, 899 [2006]; see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 504-505 [1993]).  While contractors can be held vicariously liable under section 241 (6), such liability depends upon whether the regulatory provision that was allegedly violated is a "'specific, positive command'" (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d at 504, quoting Allen v Cloutier Constr. Corp., 44 NY2d 290, 297 [1978]), and not merely a declaration of a general safety standard (see Misicki v Caradonna, 12 NY3d at 515; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d at 504-505).

Plaintiffs allege in their bill of particulars that defendant violated 12 NYCRR 23-1.10 (a), which states, in pertinent part, that unpowered hand tools with "[s]plit or loose tool handles shall not be used."  Notably, this regulatory provision does not merely impose a general duty to keep unpowered hand tools in a "safe," "proper" or "adequate" condition (see e.g. Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d at 502-506), nor does it proscribe the usage of hand tools with "unsafe" or "defective" handles, but, rather, specifically prohibits the use of hand tools with "[s]plit or loose . . . handles."

---

[1]  Plaintiffs do not address Supreme Court's dismissal of the common-law negligence and Labor Law §§ 200 and 241 (1) claims on appeal and any claims with respect thereto are therefore deemed abandoned (see Randall v Time Warner Cable, Inc., 81 AD3d 1149, 1150 n [2011]).

Having determined that plaintiffs have asserted a violation of a regulatory provision that "'sets forth a specific standard of conduct'" for general contractors and owners (Marshall v Glenman Indus. & Commercial Contr. Corp., 117 AD3d 1124, 1126 [2014], quoting St. Louis v Town of N. Elba, 70 AD3d 1250, 1250 [2010], affd 16 NY3d 411 [2011]; see Hammond v International Paper Co., 178 AD2d 798, 799 [1991]), thereby providing a predicate basis for a claim under Labor Law § 241 (6), we are left to decide whether the regulation applies to the facts presented in this case.[2]  Plaintiff explained during his examination before trial that, while he was cutting a piece of plastic with a utility knife, the locking mechanism that secures the retractable blade was loose, causing the blade to break in half and cut plaintiff's wrist.  Whether the dysfunctional locking mechanism can fairly be considered to be a "[s]plit or loose tool handle[]" is a question of law to be decided by the courts (see Szafranski v Niagara Frontier Transp. Auth., 5 AD3d 1111, 1113 [2004]).  A fair reading of the regulation upon which plaintiffs rely, however, does not compel us to conclude that the looseness of the locking mechanism — an internal component of the knife and not a visible or functional part of the handle itself — was what the Commissioner of Labor had contemplated in his promulgation of 12 NYCRR 23-1.10 (a) (compare St. Louis v Town of N. Elba, 16 NY3d 411, 415-416 [2011]).  We are well aware that the Industrial Code "should be sensibly interpreted and applied to effectuate its purpose of protecting construction laborers against hazards in the workplace" (id. at 416; accord Duffina v County of Essex, 111 AD3d 1035, 1039 [2013]).  However, while the regulation sets forth a strict prohibition against using tools that have loose or split handles, it makes no mention whatsoever of the locking mechanism found within a hand tool, and we are thus constrained to determine that it is inapplicable.  Accordingly, plaintiffs are without a viable cause of action

_____

[2]  Although given ample opportunity to do so, plaintiffs failed to preserve for appellate review their contention that defendant improperly raised for the first time in its reply papers that 12 NYCRR 23-1.10 (a) is inapplicable to the facts presented in this action (see Seymour v Northline Utils., LLC, 79 AD3d 1386, 1389 [2010]).

pursuant to Labor Law § 241 (6).

Lahtinen, J.P., McCarthy and Egan Jr., JJ., concur.


ORDERED that the order is affirmed, with costs.




ENTER:

Robert D. Mayberger
Clerk of the Court