■ PAUL A. LEVINE, as Chapter 7 Trustee of HAMILTON FERRY et al., Respondent, v RALPH A. HORTON, Defendant, and MARK A. YOUNG, Appellant. [7 NYS3d 631]—

Rose, J. Appeal from an order of the Supreme Court (McNamara, J.), entered December 5, 2013 in Albany County, which, among other things, partially denied defendant Mark A. Young's motion for summary judgment dismissing the complaint.

Plaintiff is the trustee in bankruptcy of the former owners (hereinafter the owners) of a gas station and convenience store that sustained damage in November 2002 when a fuel truck collided with a dump truck, resulting in a fuel spill and an explosion on their property. In December 2006, after the Department of Environmental Conservation determined that the site had been remediated and closed its spill file, the owners commenced an action in Supreme Court against the operator, owner and insurer of the fuel truck (hereinafter the fuel truck defendants), among others, to recover property damages and lost revenue allegedly caused by the accident. However, when a January 2007 appraisal of the property reflected no loss of value due to the fuel spill, the owners' counsel was unwilling to proceed with the action, prompting the owners to retain defendant Mark A. Young, who took over the litigation in October 2007. Faced with discovery deadlines, Young obtained a new discovery schedule. Prior to its expiration, however, the fuel truck defendants made a motion seeking dismissal of the action on the grounds that the owners had not responded to their discovery demands and were unable to establish any damages stemming from the accident. The remaining defendants then moved for summary judgment dismissing the complaint. The motions were heard together and Supreme Court (Demarest, J.) noted that, on behalf of the owners, Young opposed both motions as summary judgment motions, his response to defendants' demand for a bill of particulars had limited the owners' request for damages to the diminution of the value of their property due to the stigma resulting from the spill and, significantly, the January 2007 appraisal revealed that any remaining effect from such stigma was nominal. The court then dismissed the action based on the January 2007 appraisal negating the stigma argument and the owners' failure to provide any admissible, non-speculative evidence of damages. Young filed a notice of appeal on behalf of the owners, but then terminated his representation.

As a consequence of the owners' ongoing financial difficulties, the property was sold at foreclosure and they filed Chapter 7 bankruptcy petitions. Rather than perfect the appeal on behalf of the bankruptcy estate, however, plaintiff commenced this action in March 2011 alleging, among other things, that Young

had committed legal malpractice in his handling of the damages issue in the underlying action. After joinder of issue and discovery, Young moved for summary judgment dismissing the complaint against him and plaintiff cross-moved for summary judgment on the issue of liability. Finding issues of fact as to whether Young was negligent and whether his alleged negligence caused any damages to the owners, Supreme Court (McNamara, J.) denied Young's motion for summary judgment as well as plaintiff's cross motion for summary judgment. Young now appeals.

We cannot agree with Young's argument that he is entitled to dismissal of the legal malpractice action. Legal malpractice is established by evidence that an attorney " 'failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession which results in actual damages to a plaintiff, and that the plaintiff would have succeeded on the merits of the underlying action "but for" the attorney's negligence' " (*Leder v Spiegel*, 9 NY3d 836, 837 [2007], *cert denied sub nom Spiegel v Rowland*, 552 US 1257 [2008], quoting *AmBase Corp. v Davis Polk & Wardwell*, 8 NY3d 428, 434 [2007]; *accord Hyman v Schwartz*, 114 AD3d 1110, 1112 [2014], *lv dismissed* 24 NY3d 930 [2014]). In order to succeed on his motion for summary judgment, Young was required to establish the absence of negligence, or that any negligence on his part was not the cause of any actual or ascertainable damages to the owners (*see Geraci v Munnelly*, 85 AD3d 1361, 1362 [2011]; *Guiles v Simser*, 35 AD3d 1054, 1055 [2006]; *Tabner v Drake*, 9 AD3d 606, 610 [2004]).

In support of his motion, Young submitted an expert affidavit opining that he was not negligent because he had engaged the services of an expert who submitted a report suggesting that the spill site had not been completely remediated and the discovery schedule had not yet expired. Thus, Young argues, he was still in the process of obtaining additional proof of damages and had adequately opposed the fuel truck defendants' motion. In opposition, plaintiff submitted an expert affidavit alleging that Young was negligent because he failed to conduct any relevant discovery prior to the motions being made, mistakenly limited the owners' damages in their bill of particulars to the stigma associated with the property and failed to allege or establish the existence of the loss of revenue and property damages sustained by the owners. In view of the competing opinions regarding the adequacy of Young's representation, we agree with Supreme Court that issues of fact exist requiring a trial (*see M & R Ginsburg, LLC v Segal, Gold-*

*man, Mazzotta & Siegel, P.C.*, 90 AD3d 1208, 1209 [2011]; *Maddux v Schur*, 16 AD3d 873, 874 [2005]). Further, we cannot agree with Young's contention that plaintiff's failure to appeal the order dismissing the underlying action precluded plaintiff's claim for legal malpractice, inasmuch as we are not persuaded that an appeal would have been likely to succeed (*see Grace v Law*, 24 NY3d 203, 210-211 [2014]).

Young also argues in the alternative that the owners did not sustain any damages as a result of the dismissal of their underlying action and, therefore, would not have succeeded on its merits "but for" his alleged negligence. In support of this argument, Young relies on the January 2007 appraisal reflecting that the value of the property was the same in January 2007 as it was prior to the fuel spill in November 2002, the fact that the Department of Environmental Conservation had closed its file on the spill, and that the owners had been reimbursed by their own insurer for all of the damages their adjuster had claimed to be caused by the accident. As we have noted, however, Young's own expert called the remediation of the site into question. Moreover, the owners alleged that their damages included loss of revenue caused by the pumps not operating properly after the explosion, and Young himself testified at his deposition that he believed that the owners had been damaged above and beyond the amount that they had been paid by their insurer. Furthermore, plaintiff submitted an affidavit from a real estate appraiser opining that a stigma had indeed attached to the property as a result of the spill and that the accident had caused a decline in the gas station's gross revenue. Although Young argues that a decline in gross revenue is insufficient to establish damage, that argument is countered by plaintiff's contention that the owners' prior revenue stream was able to cover their expenses and, with the decrease caused by the accident, they lost the ability to stay current on their mortgage, which led to the foreclosure on their property where both their business and their home were located. Under these circumstances, we agree with Supreme Court that issues of fact exist as to whether the owners were damaged by the alleged malpractice (*see Lue v Finkelstein & Partners, LLP*, 94 AD3d 1386, 1389 [2012]; *M & R Ginsburg, LLC v Segal, Goldman, Mazzotta & Siegel, P.C.*, 90 AD3d at 1210-1211; *Cramer v Englert*, 262 AD2d 827, 831 [1999]). Given the existence of these questions of fact, we likewise find no basis for plaintiff's request that we grant his cross motion for summary judgment.

Peters, P.J., McCarthy and Clark, JJ., concur. Ordered that the order is affirmed, with costs.