Lynch, J.
Appeal from an order of the Supreme Court (Mott, J.), entered August 15, 2014 in Greene County, which, among other things, denied defendant’s motion, for summary judgment dismissing the complaint.
Plaintiff retained defendant to represent her in a divorce action. On July 25, 2012, the day the trial was scheduled to begin, plaintiff and her husband signed a settlement agreement wherein, among other things, plaintiff agreed to vacate the marital residence and list the property for sale within 90 days. In September 2013, plaintiff commenced this legal malpractice action alleging that defendant failed to take steps to enforce a temporary order of protection and automatic orders pursuant to Domestic Relations Law § 236, did not prepare for trial, and that he instead “browbeat[ ]” plaintiff into signing the agreement. Following joinder of issue, defendant moved for dismissal of the legal malpractice action pursuant to CPLR 3212, alleging that plaintiff failed to state a cause of action pursuant to CPLR 3211 (a) (1) and (7). Plaintiff moved for partial summary judgment on liability. Supreme Court denied both motions, prompting this appeal by defendant.
A viable cause of action for legal malpractice exists where a plaintiff demonstrates “that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney’s *1163 breach of this duty proximately caused [the] plaintiff to sustain actual and ascertainable damages” (Arnold v Devane, 123 AD3d 1202, 1203-1204 [2014] [internal quotation marks and citation omitted]; see Hyman v Schwartz, 114 AD3d 1110, 1112 [2014], lv dismissed 24 NY3d 930 [2014]). Here, plaintiff alleged that during the pendency of the divorce action, she informed defendant that her husband had removed her name from their joint checking account, took more than $100,000 from his retirement account, removed marital assets worth approximately $75,000 from the marital residence,[1] transferred title of their vehicle to his name only and engaged in certain conduct in violation of a temporary order of protection. Further, according to plaintiff, defendant told her that he planned to have three people testify at the trial, but she learned the day before the scheduled trial date that defendant had not served trial subpoenas on these individuals. Plaintiff further alleged that, because he was not prepared on the day of trial, defendant negotiated a separation agreement with her husband’s counsel without explaining it to her and without her consent. As defendant concedes, plaintiff told defendant in advance of the trial that her priority was to remain in the marital residence, where she lived with her teenaged daughter and her elderly, infirm mother. Nonetheless, on the day of trial defendant told plaintiff that if she did not sign the agreement, the trial court would force her to vacate the marital residence within 10 days. Plaintiff acknowledges that she signed the agreement, then left the courthouse because defendant told her that it was closing for lunch and, when she returned, she was advised that her case had been called and the separation agreement had been placed on the record in her absence.
As the proponent of a motion for summary judgment dismissing the complaint, defendant was required to demonstrate with admissible evidence that plaintiff was unable to establish at least one of the elements of her claim (see Geraci v Munnelly, 85 AD3d 1361, 1362 [2011]; Sevey v Friedlander, 83 AD3d 1226, 1226 [2011], lv denied 17 NY3d 707 [2011]). To this end, defendant submitted an affidavit wherein he claimed that he issued a subpoena to plaintiffs husband’s paramour,[2] but did not serve two other individuals because it would not “enhance *1164 [plaintiffs] case.”[3] He explained that he arrived at the courthouse on the day of plaintiffs trial to learn that the trial judge had at least three trials scheduled and he planned to leave at 1:00 p.m. Defendant claimed that the judge told him that he had better “get [a settlement] done” before the noon recess or it would be scheduled for a trial at some adjourned date. Defendant explained that when he told the judge that plaintiff wanted to keep the marital residence, the judge informed him that he could order the sale of the property within 10 days. According to defendant, when he relayed this information to plaintiff, she “became highly emotional— hysterical — and bolted out of the . . . room . . . dropped to her knees in front of the . . . husband crying and sobbing and saying if he would agree to her staying there she would concede virtually anything and everything. At that time the initiative was gone, we had lost the staring contest. Hence I proceeded to make the best terms possible.” Review of the separation agreement confirms that the parties agreed to sell the marital residence and split the proceeds, but that plaintiff, her daughter and mother were allowed to remain in the home for approximately 60 days following the agreement’s execution. Otherwise, defendant does not provide any specific evidence with regard to the marital property, and the agreement only provides, in generic terms, that plaintiff and her husband equitably distributed their marital property.
Here, as defendant has not submitted any expert evidence with regard to whether the services before us provided to plaintiff met the applicable standard of care, “the issue . . . distills to whether defendant met his threshold burden as to the element of either proximate cause or damages” (Arnold v Devane, 123 AD3d at 1204 [2014]). We disagree with defendant’s argument that plaintiff cannot establish either of these elements because she settled the underlying divorce action. Where, as here, the underlying claim is resolved by agreement, this element may be established by evidence that the “settlement . . . was effectively compelled by the mistakes of counsel” (Marchell v Littman, 107 AD3d 1082, 1083 [2013], lv denied 22 NY3d 856 [2013] [internal quotation marks and citations omitted]; see Lattimore v Bergman, 224 AD2d 497 [1996]). While defendant insisted that he negotiated the “best terms” possible, he fails to explain whether or to what extent defendant was fa *1165 miliar with the value of the marital property, whether he investigated plaintiffs complaints that the husband had taken substantial marital assets in violation of Domestic Relations Law § 236, or whether he was prepared to present any evidence at trial with respect to the marital property on his client’s behalf. Rather, defendant cites the trial judge’s schedule and observations with regard to the marital residence and plaintiffs “hysterfia]” as the reason why he encouraged his client to settle the action on the terms that he negotiated.
Contrary to defendant’s brief, a directive from the trial court to explore a settlement does not require counsel “as an officer of the court” to forgo his or her client’s right to a trial. Moreover, as defendant acknowledged, an adjournment of the trial date was an available option given the time constraints on the court, and it is troubling that an adjournment was not pursued considering defendant’s own description of plaintiff as emotionally distraught. Without any indication that defendant was fully informed with regard to the marital property, we decline to credit his opinion that the settlement was the best that could be accomplished under the circumstances. When we view the evidence in a light most favorable to plaintiff, as we must (see M & R Ginsburg, LLC v Segal, Goldman, Mazzotta & Siegel, P.C., 90 AD3d 1208, 1210 [2011]), we agree with Supreme Court’s finding that the record presents factual questions with regard to whether plaintiff was compelled to settle her divorce action by defendant’s negligence (see Shapiro v Butler, 273 AD2d 657, 660 [2000]). As such, defendant did not meet his burden on the issues of proximate cause and damages, and the burden never shifted to plaintiff to demonstrate a triable issue of fact (see Arnold v Devane, 123 AD3d at 1205; Angeles v Aronsky, 109 AD3d 720, 722-723 [2013]; Steven L. Levitt & Assoc., P.C. v Balkin, 54 AD3d 403, 406 [2008]).
Finally, we decline to address the merits of defendant’s claims that the complaint was barred by the doctrine of collateral estoppel and or law of the case, noting that he failed to raise these defenses in either a pre-answer motion to dismiss or in his answer to the complaint (see Browne v Board of Educ., 122 AD3d 563, 564 [2014]; Town of Delhi v Telian, 119 AD3d 1049, 1050 [2014]).
Garry, J.R, Egan Jr. and Clark, JJ., concur. Ordered that the order is affirmed, with costs.

. These assets allegedly included an excavator and generator.

. The affidavit of service, which is not sworn, indicates that the paramour may have been served four days prior to the trial date.

. Defendant explains that, at some point, he spoke with one of the two individuals, a “local real estate man” who may have had information about secreted assets sometime after the trial and that he “laughed and said . . . the wife’s suspicion was baseless.”