■ JESSICA M. SUTCH, Appellant, v DEBERA C. SUTCH-LENZ, Also Known as DEBERA C. SUTCH, et al., Defendants, and DEAN M. COON, as Guardian ad Litem of JESSICA M. SUTCH, an Infant, Respondent. [11 NYS3d 300]—

Egan Jr., J. Appeal from an order of the Supreme Court (Nolan Jr., J.), entered January 22, 2014 in Saratoga County, which granted defendant Dean M. Coon's motion for summary judgment dismissing the complaint against him.

In 1996, plaintiff's mother, defendant Debera C. Sutch-Lenz, and father, Alfred Sutch (hereinafter decedent), commenced a medical malpractice action based upon injuries allegedly sustained by Sutch-Lenz while undergoing breast reduction surgery. Four years later, decedent died in a light plane crash in Saratoga County. In April 2000, Sutch-Lenz petitioned for and was granted limited letters of administration for purposes of pursuing (1) decedent's derivative claim in the context of the medical malpractice action and (2) a wrongful death action against the aircraft's manufacturer and the flight school where decedent had been taking lessons.

Thereafter, in October 2000, Sutch-Lenz again petitioned Surrogate's Court (Seibert Jr., S.), this time seeking permission to sell certain real property owned by Sutch-Lenz and decedent as tenants in common and located in Fulton County. In the context of that proceeding, Surrogate's Court appointed defendant Dean M. Coon (hereinafter defendant) to act as guardian ad litem for plaintiff (born in 1989) and her brother, Benjamin Sutch (born in 1993). After reviewing the terms of the proposed sale, defendant filed a report with Surrogate's Court recommending that Sutch-Lenz be allowed to sell the property. Surrogate's Court thereafter granted Sutch-Lenz permission to sell the Fulton County property and directed that "any and all net proceeds of the sale attributable to the

one-half . . . interest of the decedent shall be held by [Sutch-Lenz] as [a]dministrator for the benefit of the estate and shall not be distributed without further [o]rder of this [c]ourt."[1] In November 2000, Surrogate's Court issued an order fixing defendant's fee at $300.

In the interim, a jury returned a verdict in the medical malpractice action and, by judgment entered in August 2001, decedent's estate was awarded $100,000 on decedent's derivative claim (*Sutch v Yarinsky*, 292 AD2d 715 [2002]). Thereafter, in November 2003, a tentative settlement was reached in the wrongful death action and, in conjunction therewith, Supreme Court appointed defendant James G. Snyder to act as guardian ad litem for plaintiff and her brother. Snyder then reviewed the proposed distribution and issued a report to Supreme Court recommending that the settlement be approved. Supreme Court thereafter authorized Sutch-Lenz to settle the wrongful death action, and plaintiff's share of the proceeds was used to purchase annuities in her name.[2]

Plaintiff thereafter commenced this action against, among others, defendant, contending—in her 12th and 13th causes of action—that defendant committed legal malpractice and breached his fiduciary duty to her by failing to, among other things, ensure that she received her share of the proceeds from both the sale of the Fulton County property and the recovery obtained in the medical malpractice action and by failing to protect her interests in the context of the settlement reached in the wrongful death action.[3] Following joinder of issue, defendant moved for summary judgment dismissing the complaint against him. Supreme Court granted defendant's motion, and this appeal by plaintiff ensued.

We affirm. As a threshold matter, "[a] legal malpractice claim requires the existence of an attorney-client relationship" (*Arnold v Devane*, 123 AD3d 1202, 1203 [2014]). Assuming such a relationship is established, the plaintiff then "must demonstrate that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of

---

1. The net proceeds from the sale amounted to $18,428.96.

2. According to Supreme Court, plaintiff and her brother subsequently became dissatisfied with the terms of the annuity payments and successfully negotiated a restructuring of the payout schedule.

3. Benjamin Sutch commenced a similar action against, among others, the law firm that represented Sutch-Lenz and decedent in the medical malpractice action and, thereafter, Sutch-Lenz—in her capacity as decedent's administrator—in the context of both the medical malpractice and wrongful death actions (*Sutch v Sutch-Lenz*, 129 AD3d 1137 [2015] [decided herewith]).

the legal profession and that the attorney's breach of this duty proximately caused [the] plaintiff to sustain actual and ascertainable damages" (*Hinsdale v Weiermiller*, 126 AD3d 1103, 1104 [2015] [internal quotation marks and citations omitted]).

Here, in support of his motion for summary judgment, defendant averred that he was appointed to serve as guardian ad litem for plaintiff (and her brother) solely in connection with the sale of the Fulton County property, that his services in this capacity ceased in November 2000, that he neither provided nor billed for services in connection with the medical malpractice and/or wrongful death actions and that he "had no role whatsoever" in the distribution of the proceeds derived from those actions to decedent's estate. To that end, defendant submitted the order appointing him as guardian ad litem (issued by Surrogate's Court in response to Sutch-Lenz's request to sell the Fulton County property), his report recommending the approval of the sale and the documentation associated with the corresponding payment of his fee. Such proof, in our view, was more than sufficient to discharge defendant's initial burden in this regard—namely, to establish that his appointment as guardian ad litem was limited to the sale of the subject property and ceased in November 2000, i.e., prior to both the entry of the judgment in the medical malpractice action in August 2001 and the settlement of the wrongful death action in late 2003.

In an effort to raise a question of fact as to the scope of defendant's representation, plaintiff submitted defendant's itemized statement of services, which reflects that, prior to his appointment, defendant reviewed "many documents" received from Sutch-Lenz's attorney and lists—as one of the estate's assets—decedent's derivative claim in the medical malpractice action. Such proof falls far short of demonstrating that defendant was appointed to serve as guardian ad litem for plaintiff in all matters involving decedent's estate—including the underlying medical malpractice and wrongful death actions. Indeed, plaintiff's argument as to the asserted scope of defendant's appointment and corresponding representation of her interests is belied by the record as a whole, which reflects—as noted previously—that Snyder was appointed to serve as guardian ad litem in the context of the wrongful death action and was specifically charged by Supreme Court with the task of reviewing the proposed settlement relative thereto.

In light of the foregoing, plaintiff's legal malpractice claim is limited solely to defendant's representation of her interests in

connection with the sale of the Fulton County property, as the record makes clear that defendant did not serve as guardian ad litem—and, hence, owed no duty to plaintiff—beyond the confines of that transaction. Upon reviewing defendant's submissions in support of his motion for summary judgment, we are satisfied that defendant demonstrated that—in connection with recommending the approval of the sale of the Fulton County property—he exercised the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that plaintiff, in turn, failed to tender sufficient proof to raise a question of fact in this regard. To the extent that plaintiff contends that defendant was negligent in failing to ensure that she received her share of the net proceeds from the sale of such property, we need note only that it was the responsibility of Sutch-Lenz, in her capacity as decedent's administrator, to collect estate assets and distribute them accordingly (*see generally Matter of Manning*, 244 App Div 9, 12-13 [1935], *affd sub nom. Matter of Dunbar & Sullivan Dredging Co. v Fidelity & Deposit Co.*, 268 NY 690 [1935]; *Matter of Scheuer*, 94 Misc 2d 538, 543 [Sur Ct, NY County 1978]; *Matter of Blaszkiewicz*, 33 Misc 2d 884, 885 [Sur Ct, Richmond County 1962]). Hence, plaintiff's quarrel in this regard lies with Sutch-Lenz, not defendant. Finally, inasmuch as plaintiff's cause of action for breach of fiduciary duty is premised upon the same facts and circumstances as those underlying her legal malpractice claim, the two causes of action are duplicative of one another (*see Cosmetics Plus Group, Ltd. v Traub*, 105 AD3d 134, 143 [2013], *lv denied* 22 NY3d 855 [2013]). Accordingly, Supreme Court properly granted defendant's motion for summary judgment dismissing plaintiff's complaint against him. Plaintiff's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Lahtinen, J.P., Lynch and Clark, JJ., concur. Ordered that the order is affirmed, with costs.