Clark, J.
(1) Cross appeal from an order of the Supreme Court (Walsh, J.), entered September 19, 2014 in Albany County, which, among other things, partially granted defendants’ motion for summary judgment, and (2) appeal from an order of said court, entered March 20, 2015 in Albany County, which denied plaintiff’s motion for, among other things, reconsideration.
Plaintiff retained defendants in January 2011 to represent him in a custody proceeding and, thereafter, in a divorce action. In April 2012, after a breakdown in the parties’ relationship, defendant Michael D. Assaf requested that defendants be relieved as plaintiff’s counsel and, after a hearing, the application to withdraw was granted. Plaintiff proceeded pro se in his divorce action and custody proceeding and, thereafter, commenced this action against defendants. In his complaint, plaintiff alleges, among other things, nine causes of action with respect to defendants’ representation, including, among other things, breach of a fiduciary duty, legal malpractice, defama *1132 tion and breach of contract. Defendants asserted a counterclaim for, among other things, unpaid legal fees. Defendants moved for summary judgment dismissing the complaint, which plaintiff opposed. Plaintiff also cross-moved seeking partial judgment on the issue of liability for the disclosure of an allegedly privileged/confidential email, among other things. Supreme Court granted defendants’ motion for summary judgment with respect to plaintiff’s claims of legal malpractice and breach of a fiduciary duty, fraud, defamation and failure to communicate, but denied the motion regarding plaintiff’s breach of contract claim with respect to defendants’ billing rates. Supreme Court also denied plaintiff’s cross motion. Plaintiff then moved to reargue and/or renew, in addition to moving for Supreme Court’s recusal. Supreme Court denied plaintiff’s motion, adhering to its original order. Plaintiff now appeals from both orders,[1] and defendants cross-appeal from that part of Supreme Court’s order as denied their motion for summary judgment dismissing the complaint.[2] We affirm both orders.
We initially reject plaintiff’s claim that summary judgment was premature inasmuch as depositions had not yet been completed at the time of the motion practice (see Hobler v Hussain, 111 AD3d 1006, 1009 [2013]; Saratoga Assoc. Landscape Architects, Architects, Engrs. & Planners, P.C. v Lauter Dev. Group, 77 AD3d 1219, 1222 [2010]) and, turning to defendants’ motion for summary judgment itself, agree with Supreme Court that defendants were entitled to the dismissal of certain causes of action.
Addressing plaintiff’s defamation claim first, it is well settled that “statements made by counsel and parties in the course of judicial proceedings are privileged as long as such statements are material and pertinent to the questions involved,” and, as such, they cannot be the basis of a defamation cause of action (Wiener v Weintraub, 22 NY2d 330, 331 [1968] [internal quotation marks and citation omitted]; see Capoccia v Couch, 134 *1133 AD2d 806, 807 [1987], appeal dismissed 71 NY2d 1022 [1988]). “No action for defamation exists unless the statement is . . . so needlessly defamatory as to warrant the inference of express malice and a motivation solely to defame” (Grasso v Mathew, 164 AD2d 476, 479 [1991], lv dismissed 77 NY2d 940 [1991], lv denied 78 NY2d 855 [1991]; see Dworkin v State of New York, 34 AD3d 1014, 1014-1015 [2006]).[3]
Here, on April 25, 2012, plaintiff sent Assaf an email indicating that their relationship was at an impasse and aired various grievances with Assafs representation. On May 11, 2012, May 15, 2012 and May 17, 2012, the parties separately sent letters to Supreme Court regarding Assafs continued representation of plaintiff. In his letters, Assaf discussed his belief that plaintiff’s claims against him were false and, by way of order to show cause, moved Supreme Court to relieve him of further obligations to plaintiff. In support of his request, Assaf submitted plaintiff’s email for consideration by Supreme Court.[4] Given that the correspondence was relevant and pertinent to the then-pending litigation, we agree that it is shielded by the judicial proceedings privilege and cannot serve as the basis of plaintiff’s defamation cause of action. Accordingly, Supreme Court correctly dismissed plaintiff’s defamation claim.
Turning our attention to plaintiff’s claims of legal malpractice, in order to succeed on such a cause of action, the plaintiff must demonstrate that an attorney failed to exercise the ordinary and reasonable skill and knowledge that a member of the legal profession possesses (see Darby & Darby v VSI Intl., 95 NY2d 308, 313 [2000]; Levine v Horton, 127 AD3d 1395, 1397 [2015]; Geraci v Munnelly, 85 AD3d 1361, 1362 [2011]). The plaintiff must also establish that the attorney’s breach of this duty proximately caused actual and ascertainable damages (see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007]; Schrowang v Biscone, 128 AD3d 1162, 1162-1163 [2015]), and show that he or she would have been successful on the merits of the underlying action but for the defendant’s negligence (see Levine v Horton, 127 AD3d at 1397). Thus, to succeed on their motion for summary judgment, de *1134 fendants must “present evidence in admissible form establishing that plaintiff is unable to prove at least one of these elements” (Ehlinger v Ruberti, Girvin & Ferlazzo, 304 AD2d 925, 926 [2003]; see Sevey v Friedlander, 83 AD3d 1226, 1226 [2011], lv denied 17 NY3d 707 [2011]).
Here, defendants have sufficiently demonstrated that plaintiff was unable to prove actual and ascertainable damages relating to Assaf s representation. Specifically, in the affirmation in support of the motion for summary judgment, defense counsel points out that, despite repeated requests, plaintiff never produced evidence supporting the damages that he specified in his bill of particulars and, therefore, failed to show that any such losses occurred. As such, we agree that defendants carried their burden of producing competent evidence sufficient to shift the burden to plaintiff to raise a triable issue of fact. For his part, plaintiff claims that he incurred damages including, but not limited to, $55,000 in fees to defendants, payment of experts, $20,000 in expenses, an unspecified amount of lost income and the amount of money “expended to overcome [defendants’] actions.” However, absent any proof of same in the record, these statements remain speculative assertions, which are insufficient to defeat a motion for summary judgment (see Place v Grand Union Co., 184 AD2d 817, 817 [1992]).[5] Thus, plaintiff failed to meet his shifted burden.
Further, setting aside plaintiff’s inability to raise an issue of fact with respect to the element of damages, summary judgment remains an appropriate remedy here inasmuch as plaintiff is also unable to sufficiently demonstrate that he would have been successful on the merits of his underlying action. In support of his opposition, plaintiff provided an affirmation by an expert, who stated that it is “arguable” that the custody matter would have been resolved more quickly had depositions occurred earlier. However, the expert could not state that plaintiff would have been ultimately successful. Thus, because plaintiff failed to produce evidence suggesting that, but for Assafs actions or inaction, the underlying matrimonial litigation would have resulted in a more favorable outcome (see Marchell v Littman, 107 AD3d 1082, 1084 [2013], lv denied 22 NY3d 856 [2013]; Sevey v Friedlander, 83 AD3d at *1135 1227), Supreme Court properly granted defendants’ motion for summary judgment with respect to plaintiff’s legal malpractice claim.
We likewise find no error in Supreme Court’s dismissal of plaintiff’s claims for breach of fiduciary duty as duplicative of his legal malpractice causes of action. In the event that a claim “arises out of the same facts as an asserted legal malpractice cause of action and does not allege distinct damages,” that claim is deemed “duplicative of the malpractice claim” (DiTondo v Meagher, 85 AD3d 1385, 1385 [2011]; see Hyman v Burgess, 125 AD3d 1213, 1215 [2015]). Here, plaintiff fails to distinguish the basis of his malpractice and breach of fiduciary duty causes of action. At its core, plaintiff’s breach of fiduciary duty cause of action lies in Assafs disclosure of plaintiff’s email to Supreme Court. However, given that part of plaintiff’s legal malpractice claim includes the email disclosure — as per the language of plaintiff’s complaint — this allegation is subsumed under plaintiff’s legal malpractice claim. Thus, because plaintiff’s claims all arise out of the same allegations and facts, we find that Supreme Court properly dismissed plaintiff’s breach of fiduciary duty claim as duplicative of his legal malpractice claim (see Sutch v Sutch-Lenz, 129 AD3d 1141, 1144 [2015]; DiTondo v Meagher, 85 AD3d at 1386).[6] Furthermore, plaintiff’s claims of breach of fiduciary duty likewise suffer from the same deficiencies as his legal malpractice claims inasmuch as plaintiff is unable to adequately demonstrate causation or actual damages so as to survive a motion for summary judgment.
We do, however, agree with plaintiff that Supreme Court was correct in denying defendants’ summary judgment motion on plaintiff’s sixth cause of action for excessive fees. “Public policy dictates that courts pay particular attention to fee arrangements between attorneys and their clients, as it is important that a fee contract be fair, reasonable, and fully known and understood by the client” (Seth Rubenstein, P.C. v Ganea, 41 AD3d 54, 60 [2007] [citations omitted]). Although defendants may have submitted sufficient proof to demonstrate entitlement to judgment as a matter of law in the first instance, plaintiff provided sufficient evidence in opposition to raise a triable issue of fact with respect to defendants’ billing practices. Thus, summary judgment was properly denied on this one cause of action.
*1136 Plaintiffs remaining contentions, to the extent that they are properly before us, have been considered and found to be without merit.
Garry, J.P., Rose, Lynch and Devine, JJ., concur.
Ordered that the orders are affirmed, without costs.

. By way of his reply brief, plaintiff has withdrawn the fraud count. Therefore, Supreme Court’s dismissal of plaintiff’s fraud claim will not be addressed as part of the decision herein. Additionally, in his appellate briefs, plaintiff does not address the portion of Supreme Court’s order that denied his cross motion to strike defendants’ affirmative defense with respect to lack of confidentiality or to compel discovery. Given that plaintiff did not raise these issues in his briefs or dispute Supreme Court’s decision with respect to these motions, such claims are abandoned (see Salzer v Benderson Dev. Co., LLC, 130 AD3d 1226, 1227 n 1 [2015]; Boots v Bette & Cring, LLC, 124 AD3d 1119, 1119 n 1 [2015]).

. These appeals have been consolidated.

. Moreover, the Rules of Professional Conduct governing attorneys enumerates that “[a] lawyer may reveal or use confidential information to the extent that the lawyer reasonably believes necessary ... to defend the lawyer or the lawyer’s employees and associates against an accusation of wrongful conduct” (Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.6 [b] [5] [i]).

. We note that our review of the record supports Assafs position that plaintiff’s email was not disclosed to anyone other than Supreme Court.

. Plaintiff’s seventh cause of action alleges that Assaf failed to communicate with him resulting in unspecified damages. Supreme Court dismissed this cause of action under the same analysis as plaintiff’s legal malpractice claim. Plaintiff did not raise the dismissal of this cause of action on appeal and, therefore, has abandoned this claim (see Salzer v Benderson Dev. Co., LLC, 130 AD3d at 1227 n 1; Boots v Bette & Cring, LLC, 124 AD3d at 1119 n 1).

. Plaintiff sets forth allegations in his eighth and ninth causes of action that Supreme Court also correctly characterized as duplicative of plaintiff’s legal malpractice claim and properly dismissed (see Sutch v Sutch-Lenz, 129 AD3d at 1144; DiTondo v Meagher, 85 AD3d at 1386).