*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 8, 2016          521985
                                                520250
_____

GWEN ELIZABETH BULLOCK,
                    Appellant,

        v

R. JAMES MILLER,
                    Respondent.

(Action No. 1.)                         MEMORANDUM AND ORDER
_____

GWEN E. BULLOCK,
                    Appellant,

        v

R. JAMES MILLER et al.,
                    Respondents.

(Action No. 2.)
_____

Calendar Date:   October 18, 2016

Before:   Peters, P.J., Garry, Devine, Clark and Aarons, JJ.

_____

        Gwen E. Bullock, Ithaca, appellant pro se.

        Smith Sovik Kendrick & Sugnet PC, Syracuse (Victor L. Prial
of counsel), for respondents.

_____

Devine, J.

        Appeals (1) from an order of the Supreme Court (Mulvey,
J.), entered July 30, 2014 in Tompkins County, which, in action

No. 2, among other things, granted defendants' motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered October 19, 2015 in Tompkins County, which, in action No. 1, granted defendant's motion to turn over an undertaking posted by plaintiff.

Plaintiff retained defendant Miller Mayer, LLP to represent her in a divorce action, with the legal work performed by defendant R. James Miller. Miller commenced an action for divorce on plaintiff's behalf by filing a summons with notice in January 2009, but did not serve it, instead electing to prosecute a second action commenced in July 2009. Plaintiff and her husband appeared for trial on September 3, 2010, and counsel placed a stipulation on the record that resolved all outstanding issues. They stipulated as to the division of expenses relating to two children under the age of 21 and also agreed, in conclusory fashion, to waive any other child support obligation. Miller agreed to, but did not, submit a proposed judgment of divorce for signature by December 1, 2010. Supreme Court received and executed a judgment of divorce later that month, and executed an amended judgment of divorce in February 2011.

Plaintiff retained new counsel and made an unsuccessful motion in the divorce action to, among other things, reopen the issue of child support by vacating the relevant provisions of the stipulation. She then commenced action No. 2 and alleged that defendants had committed legal malpractice in their representation of her. Following joinder of issue and discovery, defendants moved, and plaintiff cross-moved, for summary judgment. Plaintiff appeals from the July 2014 order granting defendants' motion and dismissing the complaint in action No. 2.[1]

_____

[1]    Plaintiff has also commenced an action against Miller in March 2011 (action No. 1) in which Supreme Court granted a motion by Miller to turn over monies to the firm that plaintiff had previously posted as an undertaking. Although plaintiff also filed an appeal from this order, she raises no issues in her brief with respect thereto and therefore they are deemed abandoned (see Miazga v Assaf, 136 AD3d 1131, 1132 n 1 [2016], lv

Initially, while plaintiff's brief is replete with arguments founded upon information outside the record, "our review [must] be limited to facts contained in the record and any arguments based thereon" (Gagen v Kipany Prods., 289 AD2d 844, 845 [2001]; see Matter of County of Albany [Bowles], 91 AD3d 1132, 1133 [2012]).  We will not, as a result, consider those arguments.

Turning to the record that is before us, we affirm.  In order to succeed on a claim for legal malpractice, a plaintiff must show "that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages" (Arnold v Devane, 123 AD3d 1202, 1203-1204 [2014] [internal quotation marks, brackets and citations omitted]; see Dombrowski v Bulson, 19 NY3d 347, 350 [2012]). Defendants, as the proponents of a motion for summary judgment, bear the initial burden of "present[ing] evidence in admissible form establishing that plaintiff is unable to prove at least one of these elements" (Ehlinger v Ruberti, Girvin & Ferlazzo, 304 AD2d 925, 926 [2003]; accord Miazga v Assaf, 136 AD3d 1131, 1133-1134 [2016], lv dismissed 27 NY3d 1078 [2016]).  Contrary to defendants' contention, the "conclusory, self-serving statements" of Miller regarding the applicable standard of care did not constitute "expert . . . evidence which would tend to establish . . . that [defendants] did not" depart from it (Estate of Nevelson v Carro, Spanbock, Kaster & Cuiffo, 259 AD2d 282, 284 [1999]; see 400 E. 77th Owners, Inc. v New York Eng'g Assn., P.C., 122 AD3d 474, 475 [2014]; cf. Ehlinger v Ruberti, Girvin & Ferlazzo, 304 AD2d at 926).  As a result, the issue "distills to whether defendant[s] met [their] threshold burden as to the element of either proximate cause or damages" (Arnold v Devane, 123 AD3d at 1204; see Schrowang v Biscone, 128 AD3d 1162, 1164 [2015]; Carey v Campbell, 93 AD2d 923, 923-924 [1983]).

_____

dismissed 27 NY3d 1078 [2016]; Salzer v Benderson Dev. Co., LLC, 130 AD3d 1226, 1227 n 1 [2015]).

Defendants met that initial burden by submitting competent proof – including the affidavit of Miller, his and plaintiff's deposition testimony and documentary evidence – that any breach of duty on defendants' part did not result in damages to plaintiff. Plaintiff and her husband both claimed to be the custodial parent of their children, and she asserted that Miller committed malpractice by failing to pursue an award of child support on her behalf. Miller explained that he did not do so because plaintiff would not have been found to be the custodial parent, a belief justified by the refusal of Supreme Court to order either party to pay temporary child support and an investigation that led Miller to believe that the children either lived on their own or spent the bulk of their time with the father. Miller therefore declined to do anything that could backfire and end in plaintiff paying child support, and instead negotiated a settlement in which neither party would pay child support. In response to this proof, plaintiff continued to assert that she was the custodial parent. She provided nothing to show that an application for child support would have succeeded, however, and did not raise a question of fact as to whether she was damaged by the failure to make one (see Miazga v Assaf, 136 AD3d at 1134; Sevey v Friedlander, 83 AD3d 1226, 1227 [2011], lv denied 17 NY3d 707 [2011]).

Plaintiff's additional challenges to the actions of defendants do not demand extended discussion. She complained that defendants committed malpractice in not prosecuting the first divorce action commenced. That being said, defendants provided proof that she was benefitted by that delay, as settlement negotiations were underway prior to the commencement of the second divorce action and plaintiff received far more in voluntary spousal support during that period than she was entitled to (and subsequently received) in court-ordered maintenance. Lastly, while Miller admittedly failed to include necessary language in the stipulation regarding the presumptively correct basic child support obligation and the reasons for deviation from that amount (see Domestic Relations Law § 240 [1-b] [h]), as noted above, there is little to show that plaintiff was damaged by the failure to pursue the issue of child

support more vigorously.[2] Her remaining contentions, to the extent that they are properly before us, have been considered and rejected.

Peters, P.J., Garry, Clark and Aarons, JJ., concur.

ORDERED that the orders are affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court

---

[2] Plaintiff pursued the appropriate course of addressing the deficiencies in the stipulation by moving to vacate the child support provisions of the divorce judgment. Supreme Court denied her motion, concluding that she had not made "even a minimal showing that she was the custodial parent" and that any error was "entirely in [her] favor," and plaintiff did not appeal therefrom.